· ABIGAIL T. JULIAN *vs.* BOSTON, CLINTON, FITCHBURG & NEW BEDFORD RAILROAD COMPANY.

Worcester.   Jan. 7. — June 25, 1880.   COLT & LORD, JJ., absent.

A widow, who has received personal property under her father's will, admitted to probate in another state, is not barred from recovering her dower in land in this Commonwealth, of which her husband was seised during coverture, from a tenant holding under a warranty deed from her father, to whom her husband conveyed by a deed in which she did not join.

WRIT OF DOWER.   The case was submitted to the Superior Court, and, after judgment for the demandant, to this court on appeal, on an agreed statement of facts, in substance as follows :

The demandant in 1832 was legally married to Luke Julian, who was seised and possessed of the demanded premises in 1837. He afterwards conveyed the same to Theodore Moses, the demandant's father, by a deed which she did not sign, nor has she at any time since, in any manner, released her right of dower in said premises. Luke died in 1877, and the demandant made legal demand on the tenant to assign her dower in said premises before bringing this writ. Moses afterwards conveyed said premises by warranty deed, and the same came to the tenant by mesne conveyances, so that the tenant relies upon the warranty in Moses's deed. Moses died in 1862, in New Hampshire, of which state at the time of his decease and for many years he was a resident, and his children are and always have been residents of that state. He left an estate which by will was given to trustees for the benefit of eight children living at his decease,

the income to be paid to them during their lives. His will was duly admitted to probate in New Hampshire; his estate has been settled in due course of law, and paid over to said trustees; and the time limited for commencement of actions against the executor by the statutes of this Commonwealth and of New Hampshire has expired. No provision was made in the will for the payment of any claim arising from or under his conveyance of said premises. The sum of $4000 was given to said trustees for the benefit of the demandant during life to the extent of the income thereof, some of the other children receiving a much larger sum and none a smaller; and, under the residuary clause of the will, there was received by each of said children the sum of $839.10, which sum is less than the value of the demandant's dower interest in the premises, but the income received from said trust fund added to the same would exceed the value of her dower interest.

*G. A. Bruce*, for the demandant.

*G. A. Torrey*, for the tenant.

SOULE, J. The demandant has not received, as heir of her father, any real estate. She has not, therefore, received anything which, independently of our statute, would be assets to render her liable to her father's grantee or his assigns on the covenants in her father's deed. The same would be true if she had inherited lands lying in the State of New Hampshire. *Austin* v. *Gage*, 9 Mass. 395.

Our statute provides that, in certain cases, heirs, next of kin and devisees shall be liable to the creditors of deceased persons, to the extent of the personal estate, as well as of the real estate which they have received from the deceased. Gen. Sts. *c.* 101, §§ 31, 32. This liability by reason of the receipt of personal estate is created by the statute, and exists only in the cases provided for in the statute. It arises, therefore, only after the settlement of an estate by an executor or administrator appointed in this Commonwealth. Until such settlement, it cannot be ascertained that there is not sufficient estate of the deceased within the Commonwealth to pay his debts and satisfy his covenants. *Royce* v. *Burrell*, 12 Mass. 395. *Hall* v. *Bumstead*, 20 Pick. 2. *Russ* v. *Alpaugh*, 118 Mass. 369. Money received in another state, from an executor or administrator appointed there,

is no more assets under our statute, than real estate lying in another state and inherited from the grantor in a deed was assets to make the heir liable on the covenants of his ancestor at common law.

It follows that the tenant would have no right of ac⁺ion against the plaintiff, on the covenants in her father's deed, if she should recover her dower as sued for. He therefore fails to establish any facts which bar her right to recover her dower in the lands described in her writ, it being conceded that her husband was seised of those lands during coverture, and that she has not released her right to dower therein.

*Judgment affirmed.*