IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### JUNE TERM, 1889.

---

### RICHARD OUTWATER v. THE CITY OF PASSAIC.

Money due to a city treasurer for his salary is not a claim due by contract, and is not barred, as such, by the statute of limitations after the lapse of six years.

---

On contract.   On special verdict.

For the plaintiff, *T. M. Moore.*

The charter of the city of Passaic, approved April 2d, 1873 (*Pamph. L., p.* 484), contains the following provisions:

"Sec. 9. As soon as may be, after their organization, the city council shall proceed to appoint, upon the nomination by the mayor, * * * a city treasurer, whose term of office shall commence on the second Tuesday in May, and continue for one year, &c.

"Sec. 24. The city council shall have power to make, establish, &c., ordinances, rules, regulations and by-laws for the following purposes:

"XXVI. 'To prescribe and define the duties of all officers appointed by the city council, and their compensation,'" &c.

On June 21st, 1879, the city council passed an ordinance fixing the annual salary of the city treasurer at $400. The plaintiff was appointed city treasurer by the city council on the second Tuesday in May, 1881, and was re-appointed on the second Tuesday in May, 1882. He served as such officer from the second Tuesday of May, 1881, until June 12th, 1883.

The question left by the jury for the decision of the court is, whether "the statute, which limits the time within which certain actions should be brought to the period of six years from the time the cause of action accrues," is applicable to the plaintiff's demand.

The statute requires "all actions of debt founded upon any lending or contract without specialty," to be brought within six years from the time the cause of action accrues. *Rev., p.* 594.

I. The statute applies only to contracts in fact, and not to contracts arising by construction of law. *Holsden* v. *Harridge,* 2 *Saund.* 65; *Pease* v. *Howard,* 14 *Johns.* 479.

In the latter case the court said : " Every statute of limitations, being in restraint of right, must be construed strictly. It is not a bar to every action of debt, but only to those brought for arrearages of rent, or founded upon any contract without specialty * * * and the settled construction of the statute is, that it applies solely to actions of debt founded upon contracts in fact, as distinguished from those arising by construction of law."

In *Smith* v. *Lockwood,* 7 *Wend.* 241, it was held that the statute was not a bar to an action of debt upon an award of arbitrators, and the court said, that an award was no more a contract in fact than a judgment, and that it was immaterial whether the award was under seal or not.

In the present case there was no contract in fact between the plaintiff and defendant.

II. 1. The plaintiff's demand is founded on a statute, namely, the act incorporating the city of Passaic.

The office of city treasurer is a public one, and the acceptance of the office, and the rendition of services, would not in themselves entitle the officer to compensation. 1 *Dill. Mun. Corp.,* § 169; *Love* v. *Jersey City,* 11 *Vroom* 456; *Cowenhoven* v. *Freeholders,* 15 *Id.* 232.

In the last cited case, a statute fixed the compensation of a judge and required the county freeholders to pay it.

It was held that the claim was founded on the statute. The freeholders were bound to pay it, not because they had agreed to do so, but because the statute commanded them to pay it. So, in the present case, the city of Passaic is required to pay a salary to the city treasurer, not because it agreed to do so, but because it is commanded to do so by an ordinance of the city, enacted in pursuance of the city charter, which is a public statute.

By the ordinance the salary is annexed to the office, and the person holding the office is, by virtue of the ordinance, and not otherwise, entitled to the salary.

2. A statute is a specialty. *Ang. Lim.,* § 80; *Wood Lim.,* § 36; *Van Hook* v. *Whitlock,* 3 *Paige* 409.

In *Bullard* v. *Bell,* 1 *Mason* 242, the action was against an original stockholder of a bank incorporated by a charter which provided that in case the bank should refuse to pay any of its bills, then the original stockholders should be liable in their private capacity to the holders of the bills.

Story, J., said: " The statute of limitations bars 'all actions of debt grounded on any lending or contract without specialty, and all actions of debt for arrearages of rent, unless commenced within six years,' &c. Nothing can be clearer than that this is not a case of lending, and it would be very artificial reasoning to consider it a case of contract. It is certainly not a case of express contract, and the most that can, by the utmost straining, be asserted, is, that it is a case arising *quasi ex contractu.*

" It is, in truth, however, a mere legal liability, created by statute, which may furnish the foundation or consideration of a contract, express or implied.

"The action is founded on a statute which the law deems for this purpose a specialty.

"The law has created a direct liability, a liability as direct and cogent as though the party had bound himself under seal to pay the amount. The law esteems this an obligation created by the highest kind of specialty. There is no pretence of an express promise, and, if a promise is to be implied, it must be because there exists a legal liability, independent of any promise, sufficient to sustain one."

For the defendant, *Geo. P. Rust.*

This is an action brought to recover salary as city treasurer, from May 9th, 1881, to June 12th, 1883. The statute of limitations was pleaded as regards the period from May 9th, 1881, to May 9th, 1882, because six years had elapsed since the time the action accrued.

This statute applies to municipal corporations. "In an action on contract or for tort, a municipal corporation may plead or have pleaded against it the statute of limitations." *Dill. Mun. Corp.* (3d ed.), §§ 668–675; *County of St. Charles* v. *Powell,* 22 *Mo.* 525; *School District* v. *Goerges,* 50 *Id.* 196; *Baker* v. *Johnson Co.,* 33 *Iowa* 151; *Pella* v. *Scholte,* 24 *Id.* 293; *Burlington* v. *The B. & M. R. R. Co.,* 41 *Id.* 140; *Powers* v. *City of Council Bluffs,* 45 *Id.* 652: *Cincinnati* v. *Evans,* 5 *Ohio St.* 594; *Mayor, &c., of Jersey City* v. *Green,* 13 *Vroom* 628; *County of Lancaster* v. *Brinthall,* 29 *Penna. St.* 38; *Wood Lim.* 93.

It is true, courts have held that the holding of a public office is not a contract within the clause of the constitutional prohibition, so far as to prevent the legislature at any time terminating such office, or increasing or reducing the salary, or the incumbent resigning the office without violating the contract; but, nevertheless, it is a contract so far as regards the right to compensation for the services that have been performed.

"The prospective salary or other emoluments of a public office are not the property of the officer, nor the property of

the state.   They are not property at all.   They are like daily
wages unearned, and which may never be earned.   The in-
cumbent may die or resign, and his place be filled, and the
wages earned by another.   The right to the compensation
grows out of the rendition of the services, and not out of any
contract between the government and the officer that the ser-
vices shall be rendered by him." *Conner* v. *Mayor of New
York*, 1 *Seld.* 296 ; *Hoboken* v. *Sear*, 3 *Dutcher* 265, 279.

The salary of an office is a debt, and may be recovered by
suit against the corporation, like any other debt.   *People* v.
*Thompson*, 25 *Barb.* 75.

This claim is a simple contract, and not a specialty.   The
mere fact that an ordinance was passed fixing the salary of
this and other offices does not make it any stronger.

In *Baker* v. *Johnson Co.*, 33 *Iowa* 151, the action was to
recover compensation for services rendered.   The plaintiff, in
order to prove his employment as agent of the county, and
the amount of compensation agreed to be paid him, introduced
in evidence a record of the proceedings of the board of super-
visors.   The county pleaded the statute of limitations and a
denial of the plaintiff's allegations.   The court, in rendering
its opinion, says : " It is very plain that the recorded action
of the supervisors is not in itself a contract, but that the
acceptance and service of plaintiff under the terms therein set
out raised a contract between the parties.   That contract is
not in writing.   Corporations may make contracts, either
written or verbal, within the scope of the powers granted by
their charter.   What the law regards as a verbal contract
between individuals must be deemed to be of the same char-
acter when a corporation is a party thereto.   The contract
before us, as between individuals, if proved by the same
character of evidence, would not be regarded as a written con-
tract."   The plea of the statute was therefore sustained.
Suppose the above proceedings had been by ordinance, would
the plaintiff's case have been any better?   And yet, is this
not the same action as Mr. Outwater's ?

" The statute of limitations is a bar to an action against the county for the recovery of costs for services rendered by an officer in criminal proceedings more than six years before suit brought.

" The duty to pay for such services arises not only from the statute which directs it, but also from the benefit derived by the county from such services in the preservation of order and the administration of justice.

" From the performance of the services and the requisition of the statute an agreement to pay for them by the county is implied, and against which the statute will be a bar unless an action to recover them be brought within six years after the cause of action accrued." *County of Lancaster* v. *Brinthall,* 29 *Penna. St.* 38.

There now remains only one other question to answer, and that is, what bearing the case of *Cowenhoven* v. *Freeholders of Middlesex,* reported in 15 *Vroom* 232, has on this case. The counsel for the plaintiff claimed at the trial at the Circuit that the charter empowering the city to fix salaries of city officers made an action for these salaries an action on the statute. But, it will be observed, that although the charter provides what compensation shall be paid to the different officers (section 34), yet, as regards the office of treasurer, it is silent, and no specific power is given to compensate the treasurer. Therefore, whatever the city pays must be considered in the nature of a simple contract, and not a specialty on a statute. But, even admitting that the claim made by the plaintiff's counsel is tenable, still, is the above case applicable to this one? In the above case it was an action on the statute over which the freeholders had no concern with the appointment of the plaintiff to his office, and the statute imposed upon them the duty to pay the moneys sued for. But in the case for decision it is a matter of internal administration over which the defendant has full control; it can fix a salary or not, as it may please, and when an action is brought for the salary, the action stands in the same category as the cases of *Baker* v. *Johnson, supra,* and *County of Lancaster* v. *Brinthall, supra.*

The plea of the statute of limitations should therefore be sustained.

Argued at February Term, 1889, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The case stands before this court on a special verdict, finding the following facts, viz.: That the plaintiff was treasurer of the defendant for one year at a certain salary, and that such term of service had expired at a period more than six years before the beginning of this suit. The question propounded by the jury to the court is, whether this claim for official compensation is barred by the statute of limitations.

By the charter of the city of Passaic the common council is required annually to appoint a city treasurer, and power is also given to it to prescribe and define, by ordinance, the duty and compensation of such officer. In pursuance of this authority, an ordinance was passed giving the city treasurer the emolument of $400 per annum, and the plaintiff makes claim for this amount for one year's service.

The plea, purporting to interpose the bar of the statute of limitations to this cause of action, is plainly defective and insufficient, but as no allusion to such defect has been found in the briefs of counsel, the case will be decided irrespectively of faults in the pleadings.

The statute of this state limiting, in point of time, the right to sue, has, among its various provisions, the well known requirement that "all actions of debt founded upon any lending or contract without specialty, &c., shall be commenced and sued within six years next after the cause of such actions shall have accrued, and not after."

It is contended by the defendant, that this restriction is applicable to the present action, inasmuch as its basis is a debt founded upon a contract.

In support of this contention, the court is referred to judicial decisions that express the doctrine, that contracts made with municipalities are like agreements with individuals, subject, with respect to their enforcement by suit, to the regulations of the statute in question. There appears to me no room for doubt on this subject, for no reason can be assigned why, when a public corporation owes money by force of a contract, such claim should not be barred after the lapse of a reasonable period. If an ordinary agent performs work for a municipality at its request, the right to compensation has its foundation in the contract, as much so as though both the actors in the transaction were merely private persons. The authorities referred to affirm this principle, and nothing more.

But it is quite obvious, that a salary due to a public official is altogether different in its nature from such debts as these. Such a right neither does, nor can, originate in a contract. When a citizen is elected to a public office there is no agreement on the subject between his electors and himself; they require him to take the office, and no option to accept or refuse it is left to him, for he is constrained to perform its duties under pain of a criminal prosecution. Nor can he stipulate for his compensation; he must perform the official functions even though he is obliged to do so gratuitously. The endeavor to bring such a liability within the domain of conventional obligations is destitute of all force, as it is opposed to the essential facts of the case. The claim for this money is not barred by the statute, for the plain reason that it is not a debt which has arisen under a contract, either express or implied; the obligation to pay these moneys is the creation of the statute directing the election of the officer, and the admeasurement of his salary by ordinance.

Nor is this case distinguishable from that of *Cowenhoven* v. *The Freeholders of Middlesex*, reported in 15 *Vroom* 232. The only circumstance in which the two cases are unlike is, that in the reported case the *statute* itself fixed the amount of the salary, while in the present one the act requires the common council to do that act by its ordinance; but this

variation may be a distinction, but does not constitute a difference, for when the official emolument has been thus fixed in the prescribed mode, such ascertainment is the act of the statute, through the instrumentality of the common council. When the officer had been elected, and the amount of his compensation settled, the entire affair was purely a compliance with the statutory direction. The decided case, in point of principle, rules the one now before the court.

It may be well to say that the statute of limitations, being in derogation of the common law, has very generally been construed with strictness, and that probably no case can be suggested to which the reasons for its enactment are less applicable than the one now under consideration. As time elapses, in general, transactions become obscure, vouchers are lost, memory fails, witnesses pass away, and experience soon demonstrates the unsatisfactoriness of judicial investigations under such conditions. These considerations, and others of a like kind, called the act into existence. And certainly it is plain, that none of these hinderances can be apprehended in the trial of such a cause of action as the present one, although it may have become stale by lapse of time. What uncertainty can arise with regard to the question, whether a certain person occupied a public office in a given year, or with respect to the amount of his salary? Such an investigation proceeds on settled grounds; the question is one to be evidenced by public notoriety, and municipal records, documents and ordinances. Such a cause of action would seem to be aside from the reason and spirit of the statute.

The result is, that the court is of opinion that the statute which has been pleaded does not bar the claim in question, and that the plaintiff is entitled to the judgment on the verdict.