# WILLARD A. BULLARD, EXR. OF CAROLINE A. WOOD'S WILL,

v.

## BELLE C. PERRY.

May Term, 1894.

*Conflict of laws. Liability of Vermont heir under Massachusetts statute. When contingent claim becomes absolute. Must be presented to commissioners. Equity.*

1. Under the statute of Massachusetts an heir-at-law, to whom has been distributed a portion of an estate, is liable for the payment of his proportionate part of a contingent claim against the estate, which becomes absolute after its distribution, to an amount not exceeding the value of the property received. *Held*, that a resident of Vermont, receiving a distributive share of a Massachusetts estate, could be sued for his portion of such a contingent claim in the courts of Vermont.

2. When the claim becomes absolute in Massachusetts it creates a debt against the Vermont heir which must, upon his decease, be presented against his estate for allowance or it will be barred.

3. There is no presumption that the probate court has appointed commissioners for the allowance of claims against the estate of a deceased person, for it is not the duty of that court to do so in every instance.

4. If the estate of such Vermont heir has not been lawfully settled so as to bar the Massachusetts claim, the owner of such claim may in equity follow the property of the estate, but he has no action at law against the heir.

Bill in equity brought by the orator as executor of Caroline A. Wood against the defendant as the heir-at-law of Lurena A. Hudson, to compel the defendant to pay out of the property received by her from the estate of the said Lurena A. the amount of a claim in favor of Caroline A. Wood against the said Lurena A., as one of the heirs of Charles Wood. Heard upon demurrer to the bill at the March term, 1894, Rutland county. MUNSON, chancellor, dismissed the bill *pro forma.* The orator appeals. The questions decided fully appear in the opinion.

*J. C. Baker* and *Coolidge & Coolidge* for the orator.

Caroline A. Wood had a contingent claim against Charles Wood which became absolute after his estate was settled. Lurena A. Hudson, as the heir of Charles Wood, received a portion of his property, and the defendant has received this same property as the heir of Mrs. Hudson. The orator can follow the property for the payment of his debt. Pub. Stat. Mass., ss. 26, 27 ; *Bullard* v. *Moor*, 158 Mass. 418 ; Story, Confl. Laws, 489 b ; *Partington* v. *Attorney Gen'l*, L. R. 4 H. L. 107 ; *Enchin* v. *Wylie*, 10 H. L. C. 1 ; *Parsons* v. *Lyman*, 20 N. Y., 103 ; *Despard* v. *Churchill*, 53 N. Y. 192 ; *Cady* v. *Sanford*, 53 Vt. 632 ; *Dennick* v. *Railroad*, 103 U. S. 11 ; *McLeod* v. *Railroad*, 58 Vt. 727 ; R. L., s. 2209 *et seq.*

Equity is the proper remedy. Pub. Stat. Mass., Chap. 136, s. 29 ; R. L., s. 2211 ; 3 Pom. Eq. Jur., ss. 1420, 1421 ; *Leach* v. *Beattie*, 33 Vt. 195.

*Geo. E. Lawrence* for the defendant.

The orator cannot enforce his claim in the courts of Vermont. *Hall* v. *Bumstead*, 37 Mass. 2 ; Pub. Stat. Mass., Chap. 136, s. 27 ; *Bell et al.* v. *Boston*, 101 Mass. 506.

The orator's claim should have been presented to com-

missioners upon the estate of Mrs. Hudson, or, if contingent, to the probate court. *Sargent* v. *Kimball*, 37 Vt. 320; *Spaulding* v. *Est. of Warner*, 52 Vt. 29; *Adams* v. *Adams*, 22 Vt. 50; *Boyden* v. *Ward*, 38 Vt. 628; *Robinson* v. *Swift*, 3 Vt. 283.

ROSS, C. J.   The cause was heard on a general demurrer to the bill.   For a proper consideration of the contentions made, it is not necessary to set forth fully the substance of the bill.   The orator stands upon the rights of his testatrix, Caroline A. Wood, who resided at her decease in Cambridge, Massachusetts.   The defendant is heir-at-law of Lurena A. Hudson, who resided, at her decease, at Bethel, in this state, and who under the laws of Massachusetts had, as heir-at-law of Charles Wood, of Worcester, Massachusetts, received her proportionate share of his estate.   No question is made but Caroline A. Wood's estate had a contingent claim against the estate of Charles Wood which did not become absolute until after Charles Wood's estate was lawfully distributed, and Lurena A. Hudson had received her share thereof.   This claim did not become absolute until May 16, 1891.   *Wood* v. *Bullard*, 151 Mass. 324, which decision is set forth in the bill.   In paragraphs eleven and fifteen, and in that portion of the bill which sets forth the decision in *Bullard* v. *Moor*, 158 Mass. 418, a decision in which the orator procured the resident heirs of Charles Wood's estate to be charged with the payment of their proportionate shares of the claim, once contingent, but then become absolute, in favor of the estate represented by the orator, against the estate of Charles Wood, it is somewhat inartificially and argumentatively made to appear, that under the laws of Massachusetts, Lurena A. Hudson became liable to the orator to pay her proportionate share of this claim.   Although made a party to the suit of *Bullard* v. *Moor*, *supra*, it is not claimed that that court ever had jur-

31

isdiction of Lurena A. Hudson or of her estate, nor that she or her estate ever became bound by that decision. In order to establish the liability of Lurena A. Hudson, and her estate, to pay the claim now sought to be enforced, in this suit, the orator will have to amend his bill in several particulars and set forth other facts, and the statute law of Massachusetts under which he claims that liability arises, that the court may see from the facts alleged that the liability exists. It is not enough to allege that it exists. But we have not given this much consideration, as the solicitor for the defendant made no point in regard to it. It is apparent from an examination of the laws of Massachusetts, Pub. St. c. 136, ss. 26-32, and from the decision in *Bullard* v. *Moor*, *supra*, that under them Lurena A. Hudson, by receiving as heir-at-law a share of the estate of Charles Wood, while the claim against it in favor of the estate represented by the orator was contingent, became liable for her proportionate share of that claim, to the extent of the amount she received from the estate of Charles Wood, as and for her own personal debt. It is contended for the defendant, that this being an indebtedness arising under the laws of Massachusetts can only be enforced in that state. But it being a debt, created by the laws of that state, by the receipt of money distributed to her under those laws, and not beyond the amount so received by her, it could be enforced under the laws of this state. This claim became absolute by a decree rendered May 16, 1891. June 17, 1891, Lurena A. Hudson died. Administration was taken on her estate in this state June 27, 1891, and closed by its distribution to the defendant, as sole heir thereto, June 10, 1892. It is apparent, from what has already been said, that the claim now made against the defendant became due absolutely to the orator, as the representative of Caroline A. Wood's estate, when the claim in favor of her estate against Charles Wood's estate became absolute by the decree in *Wood* v. *Bullard*,

*supra*, May 16, 1891, and upon the orator's payment of that decree May 20, 1891. Hence the orator could have presented this claim against the estate of Lurena A. Hudson. He cannot now pursue the defendant as heir-at-law of that estate under the provisions of our statute in regard to contingent claims.

If commissioners were duly appointed upon the estate of Lurena A. Hudson and the estate was duly settled and distributed, the orator's claim is now barred from failure to present it. The orator's bill contains no allegation upon the subject of whether commissioners were or were not appointed upon the estate of Lurena A. Hudson. It is contended by the defendant that, inasmuch as the probate court is a court of record, this court should presume that it duly appointed commissioners on her estate. If the probate court were required in all cases to appoint such commissioners in the settlement of every estate, this court might be required to make such a presumption. But by R. L., 2115, it is not the duty of the probate court to appoint commissioners on estates where it is made to appear there are no debts against the deceased, nor where the estate does not exceed three hundred dollars. It appears that this estate exceeded three hundred dollars, but there are no allegations in the bill in regard to what was made to appear in the probate court with reference to existing debts against Mrs. Hudson.

We cannot, therefore, presume that commissioners were appointed, nor that the estate was otherwise duly proceeded with in its settlement. Hence on the admitted allegations we cannot say that the orator has been legally barred of his rights against the defendant, if any such right he has, by the proceedings taken to settle the estate of Lurena A. Hudson. It is contended that if the orator has any rights against the defendant they are available to him at law. But the estate of Lurena A. Hudson, having been settled and paid over to the defendant, on the facts admitted, no way of

relief to the orator at law has been pointed out. It has been suggested that the orator might have a remedy at law under the last clause of R. L., 2186, which reads :

" And the persons who, as heirs, have received the estate not disposed of by will, shall be liable to contribute like the devisees or legatees."

R. L., 2183 to 2188, inclusive, were incorporated into the Revised Statutes of 1839. As there enacted the. provision quoted was confined to heirs who receive that portion of the estate not disposed of by will, as set forth in the last sentence of R. L., 2183. There seems to be no provision in the statutes by which a creditor of an estate duly and legally distributed under the statutes of this state to the heirs-at-law is given a remedy either at law or in equity. It seems to have been assumed that such estates would be so settled that all creditors would be legally barred from presenting their claims. Yet R. L., 2182, charges an estate with the payment of the debts against it; first, out of the personal estate, and then out of the real estate. Nor can the debtor, by his will, convey away his estate so that it cannot be taken for such payment. *Dunbar* v. *Dunbar Exrs.*, 3 Vt. 472. This charge may be established and asserted in equity by pursuing the property of the estate, if it has been distributed by a decree of the probate court without due and legal administration. If due administration on the estate of Lurena A. Hudson has been defeated by honestly and mistakenly, or fraudulently representing to the probate court that there were no debts due from her at her decease, and for that reason no commissioners were appointed, or if for any other reason the estate was not lawfully settled and distributed, on the authority of *Dickey* v. *Corliss*, 41 Vt. 127, the orator may be entitled to relief in equity. His bill proceeds upon the basis that his claim against the estate of Lurena A. Hudson was contingent at her decease and during the settlement of her estate. But the facts set forth and

admitted do not sustain this view. If the orator can have any relief, it must be on the ground that the estate of Lurena A. Hudson has not been duly and legally administered and distributed, so as to bar the orator's claim. To maintain the bill on this basis it must be amended and the proceedings taken in the settlement and distribution of the estate of Lurena A. Hudson must be set forth, so that the court may see wherein those proceedings were not in due course and failed to bar the orator's claim. As the demurrer was interposed to obtain the views of the court upon the relative rights of the parties, we have considered more fully than we otherwise should, the circumstances under which the orator may be entitled to relief.

*Decree affirmed and cause remanded.*

Start, J., being engaged in county court, did not sit.