MARTHA A. HAINES ET AL., EXECUTORS OF JOSEPH M. HAINES, DECEASED, v. BURWOOD M. HAINES ET AL., HEIRS-AT-LAW OF ABEL HAINES, DECEASED.

Submitted December 5, 1902—Decided February 24, 1903.

1. In a suit against the heir for the debt of the ancestor, if the heir has not aliened the lands descended, the judgment must be special, to be levied of the lands. If he has aliened the lands before suit brought, the recovery will be only for the value of the lands in the condition in which they were at the time of the descent cast.

2. The liability of the heirs is several and not joint, each heir being liable for what he receives from the ancestor, and not for what the other heirs receive.

3. The liability being several and not joint, payment by one heir on the debt of the ancestor does not take the case out of the statute of limitations as to the others.

4. The action against the heir is an action under and by force of our statute concerning heirs and devisees, and while it is true that the statute of limitations cannot be pleaded in bar of a claim resting on a statute, the claim against the heir is based primarily upon the debt of the ancestor, and if there is no legal subsisting claim against the ancestor, no obligation is imposed on the heirs, therefore the statute may be pleaded by the heir.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiffs, *Francis D. Weaver.*

For the defendants, *Charles K. Chambers.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This is a suit against Burwood M. Haines, Joseph M. Haines, Samuel W. Haines, Walter Haines and Nancy M. Leeds, heirs-at-law of Abel Haines, who died in 1883, for the bond debt of the said decedent, amounting to $2,000.

The defendants admit that they inherited a farm containing one hundred and thirty-two and seventy-five hundredths acres, situate in the county of Burlington, on which the said Abel Haines, in his lifetime, executed a mortgage, in which his wife joined, for the sum of $5,934.

The defendants Burwood M. Haines and Joseph M. Haines pleaded that after the death of their ancestor, Abel Haines, and before the commencement of this suit, they paid to the plaintiffs on account of said bond debt the sum of $408.40, with all interest due thereon, in full discharge of their share of the said debt.

In addition to this plea, all the defendants pleaded the statute of limitations.

The verdict was for the plaintiffs, against all of the defendants.

The descent of lands upon the heir creates his liability; and if he has not aliened the lands, but has title at the time he is sued, he may admit the debt and confess and specify, as was done in this case, the lands descended; in which case the lands only will be subject to the debt, and the judgment must be special to be levied of the lands. *St. Mary's Church* v. *Wallace,* 5 *Halst.* 311.

If the heir-at-law has aliened the lands before suit brought, the recovery will be only for the value of the lands in the condition in which they were at the time of the descent cast. *Fredericks* v. *Isenman,* 12 *Vroom* 212; *Muldoon* v. *Moore,* 26 *Id.* 410.

Two of the defendants (as before stated), Burwood and Joseph, made payments on the bond, which takes the case as to them out of the statute of limitations.

The weight of evidence clearly is that the value of the lands descended, over and above the mortgage given by the ancestor, was not equal to the bond debt sued for.

The amount paid upon the bond by the two last-named heirs was therefore more than the amount for which they were liable, each having paid more than one-fifth of the ancestor's debt.

The liability is several and not joint; each heir is liable

severally and not jointly for what he receives from the ancestor, and not for what other heirs receive. When the share descended to an heir is taken in execution before alienation, or the value of it is applied to the debt after alienation, the heir is exonerated from further liability for the ancestor's debt.

The debt being several and not joint, payment by Burwood and Joseph did not take the case out of the statute of limitations as to the other three heirs-at-law, and therefore the statute is as to them a bar to recovery. *Disborough* v. *Bidleman,* 1 *Zab.* 677.

This action against the heirs is an action under and by force of our statute concerning heirs and devisees, and while it is true that the statute of limitations cannot be pleaded in bar of a claim vesting on a statute (*Outwaler* v. *Passaic,* 22 *Vroom* 345), the claim in this case rests primarily upon the bond of the ancestor, and if there is no legal subsisting claim against the ancestor, no obligation is imposed upon the heir. If the statute is not a bar, it would leave the lien for the debt of the ancestor unlimited in its duration upon the lands descended, although expressly barred as against the personal representative.

Such a construction should not be favored, as the lien would extend to the heir of the heir who died intestate seized of the land he inherited.

Although it is uniformly held that the plea of the statute of limitations is a personal privilege, in some of the states heirs and legatees may avail themselves of the statute, although originally intended for the benefit of the personal representatives, and for the reason that heirs and legatees are privy in estate. *Woods* v. *Woods,* 99 *Tenn.* 52; *McClaugherty* v. *Croft,* 43 *W. Va.* 270; *Wood Lim.* (3d ed.), § 41.

This action is not like *Outwater* v. *Passaic, supra,* founded upon a claim created by statute, but upon a contract entered into by the ancestor, and therefore is not within the reason of the rule in that case.

That it must be dealt with as an action on contract is evinced by the case of *Joss* v. *Mohn,* 26 *Vroom* 407, holding

.that in an action against heirs under the statute, the heirs are representatives of the deceased debtor, and the plaintiff is incompetent to testify to any transaction with, or statement by, the deceased debtor.

The rule to show cause should be made absolute.