THE CUMBERLAND NATIONAL BANK, APPELLEE, v.
WILLIAM SHILLINGSBURG, JR., ET AL., APPELLANT.

Submitted March 22, 1915—Decided June 14, 1915.

1. In an action against a devisee of lands for the debt of the devisor, and also as executor of his last will and testament, the devisee answered denying the liability of her deceased ancestor for the debt, and confessed the devise of lands to her by the deceased debtor. The verdict was against her on the issue raised by the plea of non-liability, and a general judgment entered against her. *Held*, that the judgment should have been special that the debt be made out of the lands devised, because the answer denying the obligation of the ancestor was not a false plea within the terms of the statute making a devisee liable for a false plea.

2. To make such a plea false and the pleader personally liable, it must be false to the pleader's knowledge.

3. Where a devisee is charged in respect to his ancestor's debt, a plea denying the debt is not a false plea, for the charge is rested upon the debt of the ancestor, and his land only can be taken in execution, for that is the cause of his charge.

On appeal.

For the appellee, *George Hampton.*

For the appellant, *Ott & Carr.*

The opinion of the court was delivered by

BERGEN, J.  This action was brought against William Shillingsburg, Jr., individually, and against him and Maude E. Frome, as executors of the last will and testament of William Shillingsburg, deceased, and also as devisees of lands of the testator under his will, to recover the amount due on two promissory notes payable to the order of William Shillingsburg, Jr., to which testator's name was affixed as maker by the payee as attorney for him; one note was for $2,000 and the other for $5,000.  The power of attorney is manifested by a writing, which, among other things, authorized William

Shillingsburg, Jr., "to draw and accept bills of exchange, and orders, and make, endorse, and transfer promissory notes, draw, issue and endorse checks, signing my name thereto." It was executed by the testator and delivered to the plaintiff as evidence of the power of the son to act for his father to the extent authorized by the power of attorney. The case was tried by the court, a jury being waived, and the *postea* shows that the court found against the defendants for the amount of both notes, and fixed the order of liability as follows—*first,* William Shillingsburg, Jr., individually and as devisee of lands; *second,* William Shillingsburg and Maude E. Frome as executors of the last will of William Shillingsburg, and *third,* Maude E. Frome· as devisee. The judgment as entered does not conform to the *postea,* but is a general judgment against both defendants for the entire sum found to be due. Maude E. Frome appeals as executor and as devisee, upon the following grounds—(*a*) that a verdict should have been directed in favor of the defendants for want of proof of the making of the notes by the testator, and (*b*) that she, if liable as devisee, was only so to the extent of the lands devised.

In considering the first ground, it appears that the name of the testator was signed as maker of the notes by William Shillingsburg, Jr., as attorney, under the power of attorney above mentioned, and there was evidence from which it may be inferred that the notes were renewals of original notes signed by the testator, the witness saying, "I think the original notes in the beginning were signed when Mr. Shillingsburg was more active in business, the older one, and I think the original notes were signed by William Shillingsburg." This witness also testified that before the note for $5,000 was discounted, the testator called upon the cashier of the plaintiff corporation and arranged for the loan, saying, that his son wanted to borrow $5,000 to buy out a business, and that he would "back him up." From this testimony it may be inferred that the loan was made and the notes given at the request, and for the benefit of the testator, and we must assume that the trial court drew every permissible inference

necessary to support the judgment, and therefore so far as the judgment binds William Shillingsburg, Jr., it having been entered upon a default, no error appears in the record. The judgment as entered is not against either of the defendants as executors, but against them generally. The second ground, namely, that under this record no general judgment should have been entered against this appellant, is well taken. The complaint avers that defendants are liable in two capacities—*first,* as executors of the last will of the maker of the note; *second,* as devisees of land from the deceased debtor, and *third,* that William Shillingsburg, Jr., is liable individually as endorser. The only personal liability of this appellant is as devisee of lands from the deceased debtor unless she has made herself generally liable by false pleading. Her answer to the complaint is—(a) that William Shillingsburg, Jr., had no authority to execute the notes for the testator; (b) that the lands devised to her were only such as she set out and particularly described in her answer, and that if liable on the notes as devisee, it was only to the extent of the lands devised to her; (c) that as William Shillingsburg, Jr., also took lands by devise from the debtor, she is only liable to the extent which the value of the lands devised to her bears to that devised to her brother William. There were other defences set up, but they are not material to the present inquiry. The question of the authority of the attorney to make the notes has been decided, on the facts, adversely to this appellant, and the consideration of that result is only important in determining whether a plea which denies the liability of the original debtor is a false plea, such as would justify a general judgment against the appellant.

The plaintiff urges that to entitle the appellant to the benefit of a special judgment, she should have confessed the debt of the ancestor, and admitted that the testator devised lands to her, and that the answer denying the power of attorney to execute the notes for her ancestor made her liable to a general judgment if that issue was found against her. This contention is not sound. A defendant may confess

the action, and admit lands by descent, in which case the judgment will of course be special, and that is what happens in most cases, but where the defendant pleads *non est factum,* confessing lands by descent, and the issue raised by the plea of *non est factum* is found against him, the plaintiff is only entitled to a special judgment because there is no false plea within the meaning of the statute. *Muldoon* v. *Moore,* 55 *N. J. L.* 410, in which the forms for entry of judgment in cases of this character to be found in *Bes. L. Pr.* 139, and *Jeffery* 396, are not approved. *Hotel Registry Corp.* v. *Stafford,* 70 *N. J. L.* 528. The statute "Heirs and Devisees" (2 *Comp. Stat., p.* 2739), provides that a devisee shall be liable for a false plea "in the same manner as any heir would have been for any false plea," but a plea to be false within the meaning of the statute, must be false to the pleader's knowledge. "In an action of debt against an heir if he acknowledge the action, and shows the certainty of the assets which he had by descent, the judgment shall be special, to recover the debt, to be levied of the lands descended. And if the defendant plead *non est factum* or any other plea which is not false within his own knowledge, then there shall be a like judgment." 2 *Tidd Prac.* 938. *Jackson* v. *Roosevelt,* 13 *Johns.* (*N. Y.*) 97. In the latter case it was said such a plea is not false even if it be found at the trial that the ancestor had executed the deed. "The denying the deed to be his father's, was not a false plea in his cognizance; and although it were false, yet being charged in respect of his ancestor's deed, the land of the ancestor shall only be taken in execution, for that is the cause of his charge." 7 *Bac. Abr.* 552.

In the case under consideration, the plaintiff joined two causes of action against the same persons in different characters, as executors, and as devisees, which required different pleas and judgments, and the appellant answered in both capacities—*first,* as executor that the notes were not the obligations of her testator, and *second,* confessed lands devised, in limitation of her liability, and under these pleadings, it might be said, that the only answer filed by the appellant

as devisee, was the confession of land devised to her, but waiving this, it is settled law that the plaintiff was not entitled to the judgment entered, for it should have been special under either view of the pleadings, and limited to the lands of the testator devised to the appellant, and it should be modified to this extent. The contention of the appellant that she is only liable to the extent that the value of the lands devised to her bears to that of the land devised to her brother has no merit, for the creditor is looking to the lands of the testator to satisfy his debt, and the liability of devisees for such debts is several and not joint, and each, to the extent of the lands devised, is liable for the ancestor's debt. *Haines* v. *Haines,* 69 *N. J. L.* 39; 54 *Atl. Rep.* 401. If the land has not been aliened, the creditor takes it to the extent required to satisfy his debt, for in such case "the remedy is in effect an action at law to enforce a lien for the debt upon the lands descended or devised." *McCarthy* v. *Mullen,* 82 *N. J. L.* 379. If it has been aliened, the devisee is liable to the creditor for its value without regard, in either case, to any right of contribution existing between the several devisees who are all necessary parties to the action. *St. Mary's Church* v. *Wallace,* 10 *Id.* 311.

The judgment under review will be modified by requiring the debt of appellant's ancestor to be made specially out of the lands devised to her as set out in her answer, without costs in this court.

*For affirmance*—None.

*For modification of judgment below*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, JJ. 13.