NEW YORK TRUST COMPANY & another, executors, *vs.*
HORATIO A. BREWSTER & another.

Bristol.    October 24, 1921. — March 14, 1922.

Present: RUGG, C. J., CROSBY, CARROLL, & JENNEY, JJ.

*Contract,* Based upon statute of another State. *Conflict of Laws. Executor
and Administrator. Limitations, Statute of. Evidence,* Foreign law. *Practice,
Civil,* Findings by judge, Exceptions, Amendment. *Judgment. Jurisdiction.*

Section 1837 of the New York Code of Civil Procedure provides in substance that
an action "may be maintained . . . against the surviving husband or wife of
a decedent, and the next of kin of an intestate, or the next of kin or legatees of
a testator to recover, to the extent of the assets paid or distributed to them, for
a debt of the decedent, upon which the action might have been maintained,
against the executor or administrator. The neglect of the creditor to present
his claim to the executor or administrator, within the time prescribed by law
for that purpose, does not impair his right to maintain such an action." *Held,*
that

(1) The liability thereby created depends upon the contract of the ancestor
and is not based upon the assent or agreement of the defendant in an action
based upon the statute;

(2) The statute creates a right to enforce a liability existing at the death of
the ancestor, is based upon the general principle, that the estate of an indi-
vidual shall be applied to the payment of his debts, and under it the distributee
or legatee is entitled only to that which remains after just claims existing against
the ancestor at the time of his death have been discharged;

(3) The liability cast is not by way of punishment;

(4) The nature and incidents of the right created are such as are found in
ordinary transitory actions;

(5) The enforcement of the statute in this Commonwealth is not contrary to
public policy;

(6) The liability created by the statute can be enforced in this Common-
wealth consistently with our procedure and with substantial justice.

An action under the New York statute above described was brought by an ex-
ecutor of the will of a New York decedent, who was appointed in probate pro-
ceedings in this Commonwealth ancillary to proceedings in the State of New
York, against minor next of kin of the debtor of the plaintiff's testator, domi-
ciled here, to whom the debtor's estate had been distributed. Guardians of the
defendants, who had been appointed in probate proceedings in this Common-
wealth, also were appointed as guardians in ancillary proceedings in the State
of New York, and the payments in distribution of the debtor's estate had been
made to such ancillary guardians, by whom they were transferred, substan-
tially intact, to the Massachusetts guardians. *Held,* that

(1) The fact that payments from the debtor's estate were to the defendants'
guardians was not a defence;

(2) The fact that the defendants were minors was not a defence;

(3) The provisions of the special statute of limitations relating to actions against fiduciaries, G. L. c. 260, § 11, were no defence;

(4) The action was not barred by the statute of limitations of the State of New York.

The action above described.came before this court upon exceptions by the defendants to findings for the plaintiffs, and *it was remarked* that it was stated in the exceptions that "it is not claimed that the plaintiff's right of action, if any, is barred by the Massachusetts statute of limitations."

The action above described was heard by a judge without a jury and an exception by the defendants to the computation of damages assessed by the judge was overruled because it might have been based upon certain findings of the judge as to the law of the State of New York, supported by evidence before him, which, being a finding of fact, in the circumstances was not reviewable upon exceptions.

The action above described was against two next of kin of the debtor intestate jointly and the judge's findings assessed damages against the defendants severally and in different amounts. No argument was addressed to the court as to the impropriety of separate judgments against the several defendants in this form of action. Nevertheless of its own motion the court *held*, that

(1) No agreement or assent of the parties will enable the court to render a judgment which the law does not warrant;

(2) No authority exists in this Commonwealth for the entry of several judgments in this kind of action;

(3) The merits of the entire controversy not being affected, leave should be given the plaintiff to amend by discontinuing as to one defendant.

CONTRACT, begun as a bill in equity, filed in the Superior Court for the county of Bristol on December 11, 1918, by the executors of the will of J. Harsen Purdy, late of the city of New York, and, after the appointment of the plaintiffs on March 14, 1919, as ancillary executors of that will by the Probate Court of the county of Bristol, amended into an action at law based upon the statutes of the State of New York described in the opinion.

In the Superior Court, the action was heard by *McLaughlin*, J., without a jury. Material evidence and facts agreed upon, findings and rulings by the judge, and exceptions saved by the defendants are described in the opinion. The judge found "for the plaintiffs as against Horatio A. Brewster" and assessed damages in the sum of $2,931.28 "and as against Elizabeth Brewster in the sum of $2,718.67;" and the defendants alleged exceptions.

*H. E. Warner*, *P. L. Stackpole & E. C. Bradlee*, for the defendants, submitted a brief.

*J. M. Maloney*, for the plaintiffs.

JENNEY, J. The defendants' exceptions were taken in an action to enforce liability, created by the code of New York. The plain-

tiffs, as executors of the will of J. Harsen Purdy, late of the city of New York, allege that they are entitled to have a judgment against the defendants based upon an unpaid claim which Purdy had against Charles O. Brewster, who died intestate and domiciled in that city on June 26, 1912, to the extent that the assets of said Brewster were paid or distributed to the defendants.

The defendants are minors, and were residents in New York when said Brewster died, but removed to this Commonwealth prior to July 5, 1913, when guardians were appointed over their estate by the Probate Court for Bristol County. The persons so appointed were authorized to act as ancillary guardians in New York, on August 18, 1913. Afterward, by authority of an order of a Surrogate's Court of New York, a distribution was made of the personal estate which had belonged to Charles O. Brewster in his lifetime, as follows: To the executor's widow, Elizabeth H. Brewster, in cash $3,284.10, and chattels of the value of $375; to the ancillary guardians of the defendant Horatio H. Brewster, $3,388.62 in cash, and chattels of the value of $250.50; to the ancillary guardians of Elizabeth Brewster, $3,139.12, and chattels of the value of $500. These amounts so paid in cash with slight addition were transferred in January, 1914, to the guardians appointed in Massachusetts, and the chattels were duly transmitted to and received by said guardians. In September, 1917, a further distribution of $57.19 was made to each minor.

The claim sought to be enforced in this action was upon an instrument dated July 8, 1910, given by the said Charles O. Brewster to the said Purdy, reciting the receipt of $5,000 and promising to repay that amount on August 1, 1910, with interest. It was not presented to the administrators of the estate of Charles O. Brewster. There was no controversy as to the execution and as to the original binding force of the obligation so created, and it was not contended that it had been paid in whole or in part.

The judge who heard the case found for the plaintiffs. No question of pleading is involved. The plaintiffs base their contention of liability solely upon §§ 1837–1839, 1850, 1855–1858, and 1860 of the New York Code of Civil Procedure, which were in evidence.

The first of these sections provides that an action "may be maintained . . . against the surviving husband or wife of a de-

cedent, and the next of kin of an intestate, or the next of kin or legatees of a testator to recover, to the extent of the assets paid or distributed to them, for a debt of the decedent, upon which the action might have been maintained, against the executor or administrator. The neglect of the creditor to present his claim to the executor or administrator, within the time prescribed by law for that purpose, does not impair his right to maintain such an action."

The defendants urge that a cause of action created by this provision cannot be enforced in our courts. A liability existing under the statutes of another State is recognized and enforced in this Commonwealth providing there is jurisdiction over the parties, when said liability is not obnoxious to public policy, using this term broadly, if the relief is in its nature transitory, and if the remedy given can be afforded with substantial justice under the procedure here existent. This general principle has been carefully considered in previous decisions and is not now fully restated. *Higgins* v. *Central New England & Western Railroad,* 155 Mass. 176. *Hancock National Bank* v. *Ellis,* 172 Mass. 39. *Howarth* v. *Lombard,* 175 Mass. 570. *Mulhall* v. *Fallon,* 176 Mass. 266, 269. *Walsh* v. *Boston & Maine Railroad,* 201 Mass. 527. *Hanlon* v. *Frederick Leyland & Co. Ltd.* 223 Mass. 438.

The provisions of the civil code of New York in substance create a cause of action which can be enforced only as far as property of the deceased has come into possession of the defendant. A much narrower liability somewhat of the same nature existed at common law. This need not be defined, but it has been recognized repeatedly throughout the United States. See *Norcross* v. *James,* 140 Mass. 188; *Clark* v. *Holbrook,* 146 Mass. 366, and cases cited; *Bullard* v. *Moor,* 158 Mass. 418, 425; *McCarthy* v. *Mullen,* 53 Vroom, 379, 385; *Hall* v. *Martin,* 46 N. H. 337. Liability at common law and under the statutes depends upon the contract of the ancestor, and is not based upon the assent or agreement of the defendant. *Valentine* v. *Farnsworth,* 21 Pick. 176. *Russ* v. *Alpaugh,* 118 Mass. 369, 378. *Clark* v. *Holbrook, supra.* It is based upon the possession by him of property liable to the payment of the debt. It is in accord with the general principle founded on broad considerations of justice, that the estate of an individual, real and personal, shall be applied to the payment of

his debts; the same rule is applicable where the debtor has deceased. A statute like that under consideration creates a right to enforce liability existing at death and the distributee or legatee is entitled only to that which remains after such claims have been discharged. The liability cast is not by way of punishment. The nature and incidents of the right created are such as are found in ordinary transitory civil actions.

A statutory right of action, in some respects in extension of common law liability and founded upon the same reason, but much more restricted in its character, has long existed in this Commonwealth. G. L. c. 197, §§ 28–34. *Hall* v. *Bumstead,* 20 Pick. 2. *Valentine* v. *Farnsworth, supra. Julian* v. *Boston, Clinton, Fitchburg & New Bedford Railroad,* 128 Mass. 555. *Bassett* v. *Drew,* 176 Mass. 141. *Converse* v. *Nichols,* 202 Mass. 270. The existence of a statute of the forum of the same character as that claimed to be enforceable is a potent if not conclusive indication that the foreign statute is not contrary to the public policy of the jurisdiction where the case is tried. The statute of Massachusetts relating to the liability of heirs, next of kin, devisees and legatees has been held to be enforceable in Vermont. *Bullard* v. *Perry,* 66 Vt. 479.

We are of opinion that the provisions of the New York code may be enforced in this Commonwealth. *Bullard* v. *Perry, supra.* See also *De Ende* v. *Wilkinson,* 2 Pat. & H. 663; *Hairston* v. *Medley,* 1 Gratt. 96; *Wilkinson* v. *Leland,* 2 Pet. 627, 658, 660. The case is not governed by *Julian* v. *Boston, Clinton, Fitchburg & New Bedford Railroad, supra,* where the remedy sought under a statute of this Commonwealth was for transactions arising under the laws of another State. The question is not free from difficulty, but a careful examination of the provisions of the code which were in evidence leads us to the conclusion that the liability created thereby can be enforced in this Commonwealth consistently with our procedure and with substantial justice.

The fact that the payments were to guardians in Massachusetts does not alter the essential character of the transactions. The assets were received as a part of the property to which the defendants became entitled under the laws of New York. The liability was not by way of contractual agreement; hence the lack of knowledge of its existence did not affect it.

The evidence as to the law of New York raised a question of fact, and the findings of the judge relating thereto are conceded to be substantially correct. Such findings are final if based on evidence, and those here considered are supported by decisions of the courts of that State and the code in force therein which were admitted in evidence. *Adams* v. *Dick*, 226 Mass. 46, 56.

The defendants' contention that no liability attached because of their minority is unsound. The obligation was created by law, and for that reason did not require assent or contractual capacity. *Butler* v. *Breck*, 7 Met. 164. See Williston on Contracts, 446; 14 R. C. L. 254. The provision of the code (§ 1858) which provides that an execution "shall not be issued against an infant heir or devisee, until the expiration of one year after final judgment is rendered, and the judgment-roll filed," does not render it unjust or impracticable to enforce liability in our courts, because the existence and adjudication of the liability is not affected. The section expressly provides that the action "is not delayed, nor is the remedy of the plaintiff suspended, by reason of the infancy of any of the parties."

The defendants urge that the action is barred by St. 1911, c. 147, of this Commonwealth (see now G. L. c. 260, § 11), relating to suits against executors, administrators, trustees and guardians. That statute, however, applies only to actions upon contracts made or acts done by a person "acting as the executor, administrator or other legal representative of the estate of a deceased person, or by any person acting as trustee or guardian." The cause of action now considered is not based upon any contract made by the defendants' guardians, nor is it in contemplation of law founded upon their act creating an obligation against them or their wards. As already stated, the obligation in force is that of the deceased, and the receipt of the property by the guardians is not an act which created the obligation which is enforced.

The exceptions raise no question of law as to the general statute of limitations here in force. It is stated in the exceptions that "it is not claimed that the plaintiffs' right of action, if any, is barred by the Massachusetts general statute of limitations." Nor is the action barred by the civil code of New York. By § 401 of that code, which was in evidence, it is provided that if a person is without the State when a cause of action accrues against

him, the action may be commenced within the time limited therefor after his return to the State. If, after a cause of action has accrued, a person departs from the State and remains continuously absent therefrom for the space of one year or more, the time of his absence is not a part of the time limited for the commencement of the action. The cause of action arose August 1, 1910. The defendants became domiciled in Massachusetts some time prior to July 5, 1913, and their domicil still here remains. The term of the general statute of limitations in force in New York and admitted in evidence, upon the cause of action here considered is six years.

The only exception not hitherto considered relates to the computation of the amount for which the defendants were held under the finding of the judge. No exception relates to the joinder of the defendants in one action, nor to the nonjoinder of the executors of the will of Elizabeth H. Brewster (widow of Charles O. Brewster), who died prior to July 5, 1913, and who was a resident of Massachusetts at the time of her death. The judge found for the plaintiffs against the defendant Horatio A. Brewster for $2,931.28, and against the defendant Elizabeth Brewster for $2,718.67.

It is provided by §§ 1838 and 1839 of the civil code of New York, that an action to enforce the hitherto considered liability under § 1837 of that code "must be brought, either jointly against the surviving husband or wife, and all the legatees or all the next of kin, as the case may be, or at the plaintiffs' election, against one of them only," and that "Where a joint action is brought . . . the whole sum, which the plaintiff is entitled to recover, must be apportioned among the defendants, in proportion to the legacy or distributive share, as the case may be, received by each of them; and the final judgment must award, against each defendant separately, the proportionate sum thus ascertained." The findings and rulings of the judge are made a part of the bill of exceptions and for that reason are before the court. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482. With reference to the amount found the judge said: "In finding for the plaintiff, I have ascertained the total amount due on the note in question including interest from its date until March 14, 1919, when this action was brought, and have apportioned as against each defendant the

whole sum which the plaintiff would have been entitled to recover in proportion to the distributive share which each defendant received, the amount in which the liability of each is fixed not exceeding the sum which the plaintiff would have been entitled to recover as against each had the widow of the intestate, or her legal representatives, been joined as a party defendant. That is, the liability of each of these defendants is no greater because the widow or her representatives were not joined. To the amount which I have found as against each, I have added interest from the date when the action was brought, namely, March 14, 1919."

The defendant Horatio A. Brewster as distributee had received in cash $3,445.81, and chattels to the value of $250; the defendant Elizabeth Brewster as distributee had received in cash $3,196.31, and chattels to the value of $500; and Elizabeth H. Brewster, their mother, had received $3,341.29 in cash, and chattels to the value of $375. If we follow with care the computation based on these figures with reference to the ruling which the judge made for his own guidance, it is evident that in computing the amounts found to be due, the judge in effect decided that liability cannot be based upon the receipt of specific articles of personal property described as "chattels." In finding as a fact the law of New York, he may have come to the conclusion that the distributees of specific but undescribed articles of personal property were not liable in an action at law based on the statute to pay *de bonis propriis* a sum measured by their value. See *Hauselt* v. *Patterson*, 124 N. Y. 349 (which was in evidence); *Haines* v. *Haines*, 40 Vroom, 39.

Although not argued, a difficulty presents itself as to the entry of judgment on the findings of the judge. This must be considered, "for no agreement or assent of the parties will enable the court to render a judgment which the law does not warrant." *Leonard* v. *Robbins*, 13 Allen, 217, 219. While the liability created by the code may be enforced in New York in appropriate instances by joint or several action (at the creditor's election) and while in that State it is expressly provided that there may be separate judgments, against more than one person, which need not be for the same amount, nevertheless the judgment is not joint. No such authority to enter judgment exists in Massachusetts.

The only instances in which our statutes have so modified the common law as to permit several judgments in an action of con-

tract are where a several liability arises out of one written instrument, and in actions for the recovery of money due for manual labor. G. L. c. 231, §§ 2, 4. *Leonard* v. *Robbins, supra. Marsch* v. *Southern New England Railroad,* 235 Mass. 304, 308. Several judgments cannot be entered in an action of tort apart from express statutory authority. *Contakis* v. *Flavio,* 221 Mass. 259. *Cameron* v. *Kanrich,* 201 Mass. 451. *Hill* v. *Murphy,* 212 Mass. 1, 4. In the case now decided, the judge, attempting to follow the terms of the code, made separate findings against each defendant and for different amounts. Under our procedure, judgment cannot be entered carrying these findings into effect. If the action had been several that difficulty would not have arisen; hence this objection does not compel a refusal to entertain the action. The objection does not go to the merits of the entire controversy, and an amendment may be made in the Superior Court discontinuing as to one defendant. *Leonard* v. *Robbins, supra. Merchants' Ins. Co. of Providence* v. *Abbott,* 131 Mass. 397.

   *Exceptions overruled.*

   *Permission granted to amend as stated in the opinion.*