VALVOLINE OIL COMPANY *vs.* INHABITANTS OF WINTHROP.

Suffolk.    March 3, 1920. — April 10, 1920.

Present: Rugg, C. J., Braley, Crosby, Carroll, & Jenney, JJ.

*Way*, Public: defect. *Tree. Municipal Corporations*, Officers and agents.

Under the provisions of St. 1915, c. 145, § 5, no one excepting a tree warden or his deputy may trim, cut or remove a tree within the limits of a highway of a town, even if the tree endangers persons lawfully travelling upon the highway; but, if such a tree is a source of danger to travellers on the highway, it is the duty of the town officials to order the tree warden to trim or to cut down the tree and of the tree warden to carry out the order.

Failure of town officials to order the tree warden to cause the removal of a limb of a public shade tree which for a long time so had overhung the travelled portion of a highway as to be a source of danger and an obstruction to the travelling public, and to give such warning to travellers on the way as would protect them while the tree warden was carrying out the order, will render the town liable for damages resulting from a traveller in a wagon upon the highway running into the limb.

Where, from the trunk of a sound and healthy tree about fifty years of age standing in a sidewalk within the limits of a public way and within six inches from the roadway, a limb, also sound and healthy and three feet six inches in circumference

where it leaves the trunk, protrudes over the roadway seven feet above the surface of the ground, such limb may be found to be a defect in the way within the provisions of St. 1917, c. 344, Part IV, § 24.

TORT under St. 1917, c. 344, Part IV, § 24, for damages caused to the plaintiff's wagon when it struck a limb of a tree permitted by the defendant to protrude over the travelled part of Hermon Street seven feet from the surface of the ground. Writ in the Municipal Court of the City of Boston dated January 7, 1919.

The facts found by the judge who heard the action in the Municipal Court are described in the opinion. He refused to grant rulings, asked for by the defendant, in substance that upon the evidence and the law the plaintiff could not recover, and found for the plaintiff in the sum of $91.19, an amount agreed upon by the parties as damages, and reported the case to the Appellate Division, who ordered that the finding be vacated and that judgment be entered for the defendant. The plaintiff appealed.

St. 1915, c. 145, §§ 1–5, are as follows:

"Section 1. The powers and duties conferred and imposed upon tree wardens in towns by this act are hereby conferred and imposed upon the officials now or hereafter charged with the care of shade trees within the limits of the highway in cities, by the charters of the said cities, by other legislative enactment, or by the ordinances of the said cities, and upon such officials as the city governments shall designate to have charge of said shade trees where it is within their power to transfer such duties, by ordinance or otherwise.

"Section 2. The tree warden may appoint and remove deputy tree wardens. He and they shall receive such compensation as the town determines or, in default thereof, as the selectmen allow. He shall have the care and control of all public shade trees, shrubs and growths in the town, except those within the limits of a State highway, and except those in public parks or open places under the jurisdiction of the park commissioners, and of those, if so requested in writing by the park commissioners, and shall enforce all the provisions of law for the preservation of such trees, shrubs and growths. He shall expend all money appropriated for the setting out and maintenance of such trees, shrubs and growths, but no trees shall be planted within the limits of a public way without the approval of the tree warden; and in towns until a location therefor

has been obtained from the selectmen or road commissioners, where authority has been vested in said commissioners. Regulations, other than those made by the terms of this act, for the care and preservation of public shade trees made by him, and in towns approved by the selectmen, and posted in two or more public places, imposing fines and forfeitures of not more than twenty dollars in any one case, shall have the force and effect of town by-laws. All trees within or on the limits of a public way shall be public shade trees; and when it appears in any proceeding where the ownership of or rights in the tree are material to the issue, that, from length of time or otherwise, the boundaries of the highway cannot be made certain by the records or by monuments, and that for that reason it is doubtful whether the tree be within or without the limits of the highway, or is public or private property, it shall be taken to be within the limits of the highway and to be public property until the contrary is shown.

"Section 3. Except as provided by section five, public shade trees shall not be cut, trimmed or removed, in whole or in part, by any person other than the tree warden or his deputy, whether such person is or is not the owner of the fee in the land on which such tree is situated, except upon a permit in writing from said tree warden, nor shall they be cut down or removed by the tree warden or his deputy or other person without a public hearing at a suitable time and place, after notice thereof posted in two or more public places in the town or city and upon the tree at least seven days before such hearing, and after authority granted by the tree warden therefor; provided, however, that if the tree warden shall refuse to cut or remove or issue a permit to any such owner to cut or remove any such tree or other growth, the damages, if any, sustained by him shall be determined in towns by the selectmen and in cities by the officer or officers in charge of the public shade trees and shall be paid by the town or city. Any person aggrieved by the action of the selectmen or said officer or officers in charge of the public shade trees as to the trimming, cutting, removal or retention of any such tree, or as to the amount awarded to him for the same may have the damages, if any, which he has sustained, determined by the Superior Court for the county in which the said tree is or was situated, upon a petition filed for the purpose, in the same manner as for the taking of land for ways;

and his damages, so determined, shall be paid by the town or city.

"Section 4. Tree wardens shall not cut down or remove or grant a permit for the cutting down or removal of a public shade tree if, at or before a public hearing as provided in the preceding section, objection in writing is made by one or more persons, unless such cutting or removal or permit to cut or remove is approved by the selectmen or by the mayor.

"Section 5. Tree wardens and their deputies, but no other person, may, without a hearing, trim, cut down or remove trees, under one and one half inches in diameter one foot from the ground, and bushes, standing in highways; and, if ordered by the mayor and aldermen, selectmen, road commissioners or highway surveyor, shall trim or cut down trees and bushes, if the same shall be deemed to obstruct, endanger, hinder, or incommode persons travelling thereon. Nothing contained in this act shall prevent the trimming, cutting or removal of any tree which endangers persons travelling on a highway, nor the removal of any tree, if so ordered by the proper officials, for the purpose of widening the highway, and nothing herein contained shall interfere with gypsy and brown tail moth suppression, as carried on under the direction of the State forester and the United States department of agriculture, except the cutting and removal of trees, shrubs and growths that are one and one half inches or more in diameter one foot from the ground."

*S. A. Dearborn,* for the plaintiff.

*L. C. Guptill,* for the defendant.

CROSBY, J. This is an action to recover for damages to the plaintiff's wagon caused by the top of it coming in contact with the limb of a tree growing within the limits of Hermon Street, a public way in Winthrop. The tree is on the sidewalk.

The street at that point is "twenty-six feet wide from curb to curb and forty feet wide from sidewalk to sidewalk." The outer edge of the trunk of the tree is within six inches of the roadway, over which no portion of the trunk extends. The limb in question reaches over the roadway and grows from the trunk about seven feet from the ground. The circumference of the trunk at its base is approximately six feet four inches, and of the limb at the trunk, three feet six inches. The tree is about fifty years old, and at the time of the accident was in sound, healthy condition, including the

limb in question. "It is not claimed by the defendant that the tree . . . was set out by a road commissioner or by public officials," accordingly the decision in *Washburn* v. *Easton,* 172 Mass. 525, is not applicable. It is agreed that the plaintiff duly notified the defendant of the time, place and cause of the accident.

The laws relating to public shade trees were codified and amended by St. 1915, c. 145. Under that statute all trees within the limits of a highway are public shade trees. § 2.

Except as provided in § 5, public shade trees shall not be trimmed nor removed in whole or in part by any person other than the tree warden or his deputy, except upon a permit in writing from the tree warden, nor shall they be cut down nor removed by the tree warden or his deputy or other person without a public hearing after notices posted as prescribed by the statute and after authority granted by the tree warden therefor. Under § 5, if ordered by the mayor and aldermen, selectmen, road commissioners or highway surveyor, it is the duty of the tree warden to trim or cut down trees and bushes if they shall be deemed to obstruct, endanger, hinder or incommode persons travelling on the highway. It is further provided in § 5, that "Nothing contained in this act shall prevent the trimming, cutting or removal of any tree which endangers persons travelling on a highway. . . ." The part of § 5 last quoted, cannot be construed as authorizing public officials other than tree wardens and their deputies to trim or remove a tree which endangers persons travelling on a highway. The care, maintenance, trimming and removal of shade trees in highways have been the subject of legislative action for several years, and their control is vested in the tree wardens in cities and towns of the Commonwealth, except so far as it is imposed on other officials by the charters of cities, by other legislative enactment, or by the ordinances of cities, or upon such officials as the city government shall designate for that purpose. The result of the legislation on this subject has been to place practically the entire control of such trees in tree wardens, and to leave little, if any, authority in other municipal officers. While the statute (§ 5) provides that nothing in the act shall prevent the trimming, cutting or removal of a tree that endangers persons travelling upon a highway, this language must be construed in connection with other sections of the statute, including § 3. We construe the language in ques-

tion to mean that if a tree endangers persons travelling upon a highway it may be trimmed, cut, or removed by a tree warden or his deputy without notice and hearing, but no other person is empowered so to act.

It follows that the officials named in § 5 may order the tree warden to trim or cut down a tree if they believe it endangers, hinders or incommodes persons travelling on the highway, and it is the duty of the tree warden to carry out the order so given; but the power of the officials named is limited to ordering it to be removed by the tree warden. Under earlier statutes it was held that a surveyor of highways had no authority summarily to cut down a shade tree standing in the highway which was in a defective and dangerous condition, but under Pub. Sts. c. 52, § 10, as amended by St. 1885, c. 123, § 2, he was required to proceed to obtain the consent of the proper municipal authorities, meanwhile taking proper steps to prevent injury to travellers. *Chase* v. *Lowell,* 149 Mass. 85.

In the case at bar there was evidence that the limb of the tree was an obstruction to travel and that such condition had existed for a long time. Under these circumstances it was the duty of a town official named under § 5 to order the tree trimmed or removed, and in the meantime the town was required to do what was reasonably necessary to protect travellers from injury. *Chase* v. *Lowell,* 151 Mass. 422. *Wright* v. *Chelsea,* 207 Mass. 460, 465. *Donohue* v. *Newburyport,* 211 Mass. 561, 565. Although a tree warden is the only official who may trim or remove shade trees in a highway, that circumstance does not relieve a city or town from the statutory duty of keeping its highways reasonably safe and convenient for travellers. R. L. c. 51, § 1. There was evidence that the plaintiff while in the exercise of due care was travelling in a proper wagon which came in contact with the limb that in the course of time had grown over the travelled part of the way so near the surface of the street that it could be found to be an obstruction to persons travelling thereon. In these circumstances the limb could be found to be a defect which it was the duty of the town to remedy. While many cases have been considered by this court involving injuries to travellers on a highway caused by trees standing within the limits of the way, most of them have arisen because of the decayed condition of such

trees, *Nestor* v. *Fall River*, 183 Mass. 265, *Wright* v. *Chelsea, supra,* *Donohue* v. *Newburyport, supra,* yet we are of opinion that there is no sound distinction between the liability of a city or town for failure to guard against defects caused by trees within the limits of a highway which are old and decayed, and those which, although sound, in course of time cause a defective condition of a highway by growth. Anything in the state or condition of a highway which renders it unsafe for ordinary travel is a defect or want of repair. *Barber* v. *Roxbury,* 11 Allen, 318. *Maccarty* v. *Brookline,* 114 Mass. 527. *Chase* v. *Lowell,* 151 Mass. 422. *Griffin* v. *Boston,* 182 Mass. 409. *Wright* v. *Chelsea, supra. Donohue* v. *Newburyport, supra. Embler* v. *Walkill,* 132 N. Y. 222. *Louisville* v. *Michels,* 114 Ky. 551. See *Shaw* v. *Ogden,* 214 Mass. 475.

It could have been found that the defendant had such means of knowledge as would charge it with the duty either of ordering the tree trimmed or removed, or of giving warning or otherwise protecting travellers from injury, and that, having failed to do so, it was liable. *O'Neil* v. *Chelsea,* 208 Mass. 307. If it be assumed that the town officials authorized by § 5 to order the tree trimmed or removed are public officers for whose negligence the defendant is not responsible, that circumstance will not relieve the defendant from liability under the statute which is founded on its failure to keep the street reasonably safe for travel.

It follows that the order of the Appellate Division is reversed, and, in accordance with the agreement of parties, judgment is to be entered for the plaintiff in the sum of $91.19.

*So ordered.*