PENN MUTUAL LIFE INSURANCE COMPANY *vs.* ATHERTON N. HUNT & others.

Suffolk.   December 7, 8, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Assignment,* Of insurance policy.   *Insurance,* Assignment of policy.   *Husband and Wife.   Bankruptcy.*

Where, when insolvent, one, whose life had been insured under a policy payable in case of his death to his wife, assigns the policy to secure the payment of a loan of a sum of money equal to one fifth of the amount of the policy, a provision of the assignment being that, in case of the death of the insured, any balance over the amount of the loan and interest should be paid to the insured's wife, and thereafter, during his life and while insolvent, the insured continued to pay the premiums upon the policy and after his death his estate is declared insolvent and his wife is adjudicated a bankrupt, St. 1907, c. 576, § 73, requires that, after the payment of the loan and interest and after the payment to the administrator of the estate of the insured of four fifths of the amounts paid by the insured while insolvent as premiums, with interest, the balance of the proceeds of the policy should be paid to the trustee in bankruptcy of the widow.

BILL IN EQUITY, filed in the Supreme Judicial Court on October 10, 1914, to require the administrators of the estate of George E. Williams, late of Braintree, with his will annexed, the trustee in bankruptcy of the estate of Sadie E., widow of George E. Williams, the administrator of the estate of John K. Norwood and a creditor of John K. Norwood, who severally had made claims upon the proceeds of a policy issued by the plaintiff upon the life of George E. Williams, to interplead.

By consent of the parties an interlocutory decree was entered that the plaintiff pay over $5,031.45, the amount due upon the policy, as follows: $1,125 to the creditor of the assignee of the policy, $100 for the plaintiff's expenses and counsel fees, and the balance, $3,806.45, into a bank to await the outcome of this suit; upon which payment the plaintiff was discharged from further liability.

Material facts were agreed upon by the parties and are described in the opinion.   By order of *De Courcy,* J., the suit was reserved for determination by the full court.

*H. W. Packer, (J. W. Allen* with him,) for Allen, trustee in bankruptcy of Sadie E. Williams.

*R. J. Cram, (A. N. Hunt* with him,) for Hunt and others, administrators with the will annexed of the estate of George E. Williams.

PIERCE, J.   This case is a bill of interpleader brought in the Supreme Judicial Court to determine as between two claimants the right to the proceeds of an insurance policy paid into court by the plaintiff.

At a hearing before a single justice of this court the cause was reserved by him upon the pleadings and agreed statement of facts for the consideration and determination of the full court.  On October 9, 1900, the plaintiff, a Pennsylvania corporation, issued its twenty year payment life insurance policy in the amount of $5,000 to George E. Williams, payable to his executors, administrators or assigns, upon receipt of satisfactory proof of the death of the insured during the continuance in force of said policy.  On December 4, 1909, George E. Williams borrowed $1,000 from John K. Norwood and gave him his promissory note of the same date for that amount, and under the same date in consideration of the loan duly executed and delivered to John K. Norwood under seal an assignment of the policy dated October 9, 1900, and of all his right, title and interest in and to said policy as collateral security for the said note.

The instrument of assignment also granted Norwood a power of attorney to act for Williams "irrevocably" in collecting the policy, and further provided that "In case of death any balance over 1,000. loan and interest to be paid to my wife Sadie E. Williams."

This assignment was duly filed with the plaintiff on or about August 7, 1913, after the death of George E. Williams.

At the time of the execution of the assignment and always thereafter until his death George E. Williams was insolvent.

From December 4, 1909, to July 28, 1913, George E. Williams paid the premiums on the policy, in all $525.

George E. Williams died July 28, 1913, and the defendants Atherton N. Hunt and Emery B. Gibbs were duly appointed administrators of his estate with the will annexed on October 15, 1913.  The defendant J. Weston Allen was duly appointed trustee

of the estate and effects of Sadie E. Williams, wife of George E. Williams, in bankruptcy on December 19, 1913.

At the death of George E. Williams the policy was in full force, and due notice and satisfactory proof of the death of the insured were duly filed.

John K. Norwood died on February 24, 1914, and Kendall S. Norwood, administrator of his estate, continued to hold the policy under the assignment until it was surrendered by him to the plaintiff, so that the proceeds might be paid into court. On May 12, 1914, the administrators of the estate of George E. Williams duly represented in the Probate Court that the estate was insolvent. On May 20, 1914, that court appointed commissioners in insolvency and it appears from their report that the estate is now insolvent.

The fundamental question is whether John K. Norwood held the policy of insurance in trust to apply on the death of George E. Williams the collected proceeds to the payment of the note and to pay the balance to Sadie E. Williams wife of the insured. The subsidiary question is whether the administrators of the estate of George E. Williams or the trustee in bankruptcy of Sadie E. Williams is entitled to the fund in controversy, $3,706.45.

As we understand, the defendants agree that the contracts and the assignments are to be construed and the rights ascertained by the laws of Massachusetts. *Wilde* v. *Wilde,* 209 Mass. 205. Their difference as to their respective legal rights to the fund has its conception in the contention of the administrators that it is the common law of Massachusetts that determines the rights of the parties and that under that law an insurance taken out in the husband's name and payable to his estate cannot be assigned by the husband, when insolvent, to his wife so that it cannot be reached by his creditors after his death. On the other hand it is the contention of the trustee that the rights are to be determined by the St. 1907, c. 576, § 73, which reads: "Every policy of life insurance made payable to or for the benefit of a married woman, or after its issue assigned, transferred or in any way made payable to a married woman, or to any person in trust for her or for her benefit, whether procured by herself, her husband or by any other person, and whether the assignment or transfer is made by her husband or by any other person, shall inure to her separate use

and benefit, and to that of her children, subject to the provisions of this section relative to premiums paid in fraud of creditors."

It is unnecessary to consider what is the common law of Massachusetts and the presumed common law of the State of Pennsylvania relative to the rights of wife and creditors of an insolvent debtor because in this regard the statutes of this Commonwealth have superseded the rules of the common law wherever they are not declaratory of it. In this connection see *Centrɑl Bank of Washington* v. *Hume,* 128 U. S. 195; *Bailey* v. *Wood,* 202 Mass. 549, 551, 552; *Bailey* v. *Wood,* 202 Mass. 562, 569.

It is also unnecessary to determine whether the insurance company could have lawfully refused to recognize the validity of the assignment to Norwood on the ground that the written assignment was not attached to the policy and a copy thereof was not furnished the company because the company received the assignment after the death of the insured, recognized it and acted upon it. *Mutual Benefit Life Ins. Co.* v. *Swett,* 222 Fed. Rep. 200. *Spencer* v. *Myers,* 150 N. Y. 269.

In *York* v. *Flaherty,* 210 Mass. 35, 42, it was said, "The validity of a policy of life insurance made payable to the wife or child of the insured does not depend upon their consent to the provision when originally made." We think the same rule obtains where a policy of life insurance is transferred in trust for the benefit of the wife. We think the intent of George E. Williams to create a trust in favor of his wife and of Norwood to become trustee for the wife is unmistakable. See *Sell* v. *Steller,* 8 Dick. 397.

It may be that that trust could have been determined by George E. Williams at any time before his wife had notice of it by the payment of the note. Of this we express no opinion. But the fact is the note was not paid by George E. Williams in his lifetime nor was it paid by his administrators after his death save by the order of the court out of the insurance fund itself.

It results that the trustee in bankruptcy is entitled to the fund less $405, and interest thereon, in all $629.02, being four fifths of the total sum with interest thereon paid by George E. Williams after the assignment and the total premiums which were paid in fraud of creditors.

*Decree accordingly.*