## Town of Salisbury *vs.* Salisbury Water Supply Company.

Essex.    January 6, 1932. — May 19, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Jurisdiction. Waterworks. Department of Public Utilities. Statute*, Construction. *Equity Jurisdiction*, Specific performance. *Salisbury.*

After residents of a certain district of the town of Salisbury had applied to the department of public utilities, under G. L. c. 164, § 92; c. 165, § 2, to direct the Salisbury Water Supply Company, incorporated by Spec. St. 1915, c. 243, to supply them with water "upon such terms and conditions as are legal and reasonable," a court of equity had no jurisdiction of a suit in equity thereafter commenced by the town to enforce specific performance by that company of provisions relating to such supply in a contract made with the town before the incorporation of the defendant by a corporation whose rights and obligations thereunder had been assumed by the defendant in accordance with the provisions of the special statute incorporating it.

The approval of that contract, implied in the special statute incorporating the defendant, did not create an exemption of the defendant from the general control of the department of public utilities.

*Whether*, if the bill in equity had been filed by the town before the local residents had made application to the department of public utilities, the court of equity could have retained jurisdiction, was not determined.

BILL IN EQUITY, filed in the Superior Court on January 12, 1931, and described in the opinion.

The defendant filed a plea based on lack of jurisdiction of the court to entertain the bill because of proceedings already instituted before the department of public utilities. The plea was heard by *Cox,* J., and was sustained; and by his order a final decree was entered dismissing the bill. The plaintiff appealed.

The case was submitted on briefs.

*T. S. Herlihy,* for the plaintiff.

*F. W. Crocker & E. B. Conway,* for the defendant.

WAIT, J.    This is a bill in equity brought by the town of Salisbury against the Salisbury Water Supply Company

to compel the specific performance of item 4 of a contract entered into on February 8, 1915, between the town and the Artesian Water Company, a Maine corporation, the assignor of the defendant. The Superior Court sustained an amended plea in abatement and ordered a decree dismissing the bill. Later final decree was entered in accord therewith. The plaintiff appeals from the final decree. No question is argued by the defendant with regard to what matters are open under such an appeal. We proceed to discuss the material issue decided by the order sustaining the plea in abatement.

The pertinent facts are as follows: After the execution of the contract set out in the bill, the defendant was incorporated by Spec. St. 1915, c. 243, "for the purpose of supplying the inhabitants of the town of Salisbury or any part thereof with water for the extinguishment of fires and for domestic, manufacturing and other purposes . . . . " and was to "have all the powers and privileges and shall be subject to all the duties, restrictions and liabilities set forth in all general laws now or hereafter in force applicable to such corporations." It was authorized to purchase all the rights and privileges of the Artesian Water Company and was required, on such purchase, to assume all that company's obligations and, in particular, "the contract between said town of Salisbury and said Artesian Water Company for supplying the inhabitants of said town with water." By item 4 of that contract the company agreed that it would extend its mains in addition to those shown on plans made part of the contract and set additional hydrants on such extensions "at such points as may be requested by the Town, and the said Company agrees to make said extensions at any and all distances where the total receipts of the extension from water takers and from the Town for the hydrants so put in shall afford to the Company six per cent. on the cost of laying and maintaining such additional pipes." The contract by its terms was to continue in force for twenty years from its date. In March, 1929, the town voted to instruct the selectmen to require an extension of service to Rings Island, a part of the town, and made an

appropriation to cover its share of the cost. In August, 1929, it appointed a special committee of four to act with the selectmen in securing the extension desired. In March, 1930, a further appropriation was made, and in December formal request and demand was made upon the company. This bill was filed January 12, 1931, after the defendant had failed to act as requested. In the meantime the four citizens appointed to act as a special committee with the selectmen, all of whom resided in Rings Island, had applied in October, 1929, to the department of public utilities to direct the defendant to supply the petitioners with water "upon such terms and conditions as are legal and reasonable." After hearing, that department ordered that "a total gross income of eighteen hundred dollars ($1800) a year be guaranteed, in a manner satisfactory to the Department, to the Salisbury Water Supply Company" and ordered that water be supplied the petitioners. This amount was greater than that appropriated for the purpose by the town. The extension has not been made.

It is the defendant's contention that, since application was made to the department of public utilities and the department has acted thereon, the Superior Court was without jurisdiction to deal with the bill in equity. It contends, and the court decided, that, after the application and action thereon, the only remedy open to the town was by the statutory appeal provided by G. L. c. 25, § 5.

Ordinarily parties to a valid contract have a right to resort to the usual processes of the courts for determination and enforcement of the agreement. This is the right asserted by the town. It claims that, having a valid contract with the defendant, it may ask a court of equity to enforce compliance specifically if the contract is broken. Where, however, legislation has been enacted which seems to have been intended to cover the whole subject to which it relates, it repeals impliedly all existing statutes touching the subject and supersedes the common law. This is the principle stated by Knowlton, C.J., in *Doyle* v. *Kirby*, 184 Mass. 409, 411–412, which has been followed in later decisions, illustrated by *Boston* v. *Edison Electric Illuminating Co.*

242 Mass. 305, *Godfrey* v. *Building Commissioner of Boston,*
263 Mass. 589, *Gurney Heater Manuf. Co.* v. *New York,*
*New Haven & Hartford Railroad,* 264 Mass. 427, *School*
*Committee of Lowell* v. *Mayor of Lowell,* 265 Mass. 353,
356–357, *O'Connor* v. *Boyden,* 268 Mass. 111, 114.  It is
the principle which is controlling here.  The town had
authority to make a valid contract for a supply of water
for fire protection and town purposes, *Smith* v. *Dedham,*
144 Mass. 177, *Oak Bluffs* v. *Cottage City Water Co.* 235
Mass. 18, and, at least after the recognition of the contract
by Spec. St. 1915, c. 243, for supply for domestic and other
uses by its inhabitants as individuals.  But the Common-
wealth has statutory provisions covering the whole field of
the supply by water companies to persons desiring water
(G. L. c. 164, § 92, made applicable to water supply by
G. L. c. 165, § 2).  Nothing in the words of the statute
makes the existence or nonexistence of a contract of the
water company with the applicant or with any other water
taker or person desirous of obtaining water a condition of
action by the department.  The immediate right of the
applicant is the matter on which the department is to act;
but, in deciding, the department well may consider contract
rights of others as well as of the applicant.  It has power
we think to disregard such rights if they exist but are not
found consonant with sound considerations of public neces-
sity or appropriate action in the matter before it.  It cannot
invade vested rights or impair the obligation of a contract,
but whether its action is proper or not must be determined
on appeal or review of its decision pursuant to the statutory
provision for appeal or review.  The existence or non-
existence of contracts does not affect the universality of its
jurisdiction, where as here a municipality is concerned.
It is to the department and not to the courts that resort
must be had at the outset.

We think that the approval of the contract of February
8, 1915, implied in the statute incorporating the defendant,
cannot be interpreted as creating an exemption from the
general control of the department.  The words of § 1 of
that statute subjecting the corporation to "all general laws

now or hereafter in force applicable to such corporations" indicate clearly a contrary intention. No plain words appear to control them.

In the case before us application was made to the department long before this bill was filed. Although the applicants were the four persons added by the town as a special committee to the selectmen to make demand under the contract upon the defendant, the application was not an application by the town. The town has not put itself in the position of an applicant under the statute; but, since application for extension to Rings Island was made, jurisdiction in the department under the statute had attached, and the town could not thereafter seek another forum. We need not discuss whether a different result would follow had application first been made by bill in equity to the courts.

It is suggested on the one hand that the decision of the department relates only to furnishing a supply of water to the petitioners and says nothing of the town's contract rights; and, on the other, that there is nothing to show that the order is not based upon a computation under the contract and in accord with its terms. We disregard both suggestions, and place our decision upon the ground that on the facts before us jurisdiction existed in the department which had attached upon due application, and, thereby, under the statutes, ousted jurisdiction in the Superior Court to act upon this bill in equity.

*Decree affirmed.*