**SVENSKA HANDELSBANKEN,**
**Plaintiff,**

v.

**John CARLSON, Individually and as Administrator of the Estate of Elmer N. Carlton, Defendant.**

**Civ. A. No. 64–205.**

United States District Court
D. Massachusetts.

Sept. 13, 1966.

John L. Saltonstall, Jr., Hill, Barlow, Goodale & Adams, Boston, Mass., for plaintiff.

William E. Halliday, Jr., West Newton, Mass., for defendant.

## OPINION

FRANCIS J. W. FORD, District Judge.

Plaintiff, a Swedish bank, brings this action against defendant as administrator of the estate of his deceased brother, Elmer H. Carlton, and as distributee of the estate. Plaintiff seeks to recover on a judgment against defendant entered in a Swedish court, or alternatively, on the original claim on which the action in the Swedish court was based.

Elmer Carlton was a New Jersey resident engaged in the export-import business. Linden & Lindstrom AB was a Swedish export-import firm with which Carlton did considerable business. In early 1959 they owed Carlton about $200,000. They also had money on deposit with plaintiff bank in an account which had been blocked as security for their debts to the bank. An arrangement was made under which on February 9, 1959 Carlton executed a guarantee described below, and the bank released funds from the blocked account to enable Linden & Lindstrom AB to make a payment of $50,000 to Carlton.

The guarantee signed by Carlton was in the following terms:

"For the proper discharge of Linden & Lindstrom Aktiebolag's present and future obligations to Svenska Handelsbanken, the undersigned will stand surety as for own debt until full settlement has been made; it being understood, however, that I shall not be called upon as a consequence of this bond to expend more than a total amount of Sw.kr.100,000:—(One hundred thousand) as well as interest and expenses."

On February 9, 1959 Linden & Lindstrom AB owed the bank approximately 1,000,000 kronor, consisting of notes, overdrafts and discounted bills of exchange. Two of these notes were No. 10599 with a balance due of 74,475 kronor and No. 10815 with a balance due of 140,000 kronor. These notes ran for three-month periods and each was in fact renewed until succeeded by a substitute note.

On January 17, 1961 Linden & Lindstrom AB changed its name to Linden & Lindstrom Export AB and thereafter carried on an agency business trading for the accounts of others. Thereafter the firm executed several notes in substitution for its notes previously given to the bank. On November 6, 1961 Note No. 13318 for 28,861.96 kronor was executed in substitution for Note No. 10599, and on November 8, 1961 Note No. 13317 for 81,681.25 kronor in substitution for

Note No. 10815. These notes were given for the balances remaining due on the debt covered by the original notes. On December 18, 1962 Note No. 14442 was executed in the amount of 78,000 kronor. This covered a substitution for Note No. 13318 on which a balance of 27,264.37 kronor remained unpaid, and a new loan in the amount of 40,735.63 kronor.

On February 7, 1963 Linden & Lindstrom Export AB went into liquidation. At that time it owed the bank 61,681.25 kronor on Note No. 13317 and 78,000 kronor on Note No. 14442, and additional debts totaling about 400,000 kronor. The bank has received no dividend in the liquidation proceedings. It has collected all available collateral on these loans except for 18,189.50 kronor and is still owed 149,679.77 kronor, exclusive of interest, by Linden & Lindstrom Export AB.

On December 29, 1960 Elmer H. Carlton died intestate, domiciled in Englewood, New Jersey. No administration of his estate was ever taken out in New Jersey. Defendant, his sole heir, was appointed administrator of his estate in New York on January 11, 1961, and was discharged as administrator by a final decree dated February 5, 1962. He received a distribution of approximately $500,000 from the estate.

On February 15, 1961 defendant by letter notified the bank of Carlton's death and the bank in turn notified defendant of the existence of the guarantee. Defendant when he filed the Federal Estate Tax return did not list the guarantee as a debt of the estate.

Plaintiff by letter of May 25, 1963 first made demand upon defendant for payment under the guarantee. No such payment has ever been made. On January 24, 1964 plaintiff filed suit in the Gothenburg Magistrate's Court against defendant to recover the full amount of the guarantee. Service of process and of a copy of the complaint was made in hand upon defendant at his home in Massachusetts on May 19, 1964. Defendant failed to answer the complaint and judgment was entered against him by the Swedish court on September 4, 1964. He was served in hand with a copy of the judgment on September 24, 1964. He was also notified of his right to appeal or to reopen the judgment but failed to do so.

■ Plaintiff's first contention is that the judgment of the Swedish court should be given conclusive effect and judgment entered upon it. It appears that the judgment of the Swedish court is a valid one under Swedish law, entered after actual notice and opportunity to defend was given to defendant, by a court which had jurisdiction under Swedish law. It is not clear, however, that it is entitled to conclusive effect in this court. In Hilton v. Guyot, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95 the United States Supreme Court held that a judgment of a court of a foreign country would be given conclusive effect only if the courts of that nation would give similar effect to judgments rendered in the United States.[1] Where such reciprocity does not exist the foreign judgment is only prima facie evidence of the correctness of the underlying claim. While the court in Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804, did not accept the broad language of the Hilton opinion, it did not disturb the specific ruling of that case as to the effect to be given to foreign judgments. However, Massachusetts rather than federal law seems to be properly applicable here. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Although the Massachusetts cases are very old, the Massachusetts rule appears to be that a judgment of a court of a foreign country is only prima facie evidence of the underlying claim, and that defendant is entitled to all the defenses he might have made to the original action. Bissell v

---

1. Plaintiff asserts that the very court which rendered the judgment sued upon has given conclusive effect to judgments of American courts. It offered no evidence, however, to support this assertion.

Briggs, 9 Mass. 462; Buttrick v. Allen, 8 Mass. 273. There is no decision that would support giving a conclusive effect to the Swedish judgment sued upon here.

On the merits of plaintiff's claim, in addition to the prima facie effect of the Swedish judgment, it is clear on the evidence that plaintiff is entitled to recover to the full amount of the guarantee. The making of the guarantee is not denied. The obligations of Linden & Lindstrom at the time of the execution of the guarantee and at all times since then have been in excess of the amount of the guarantee.

■■ The interpretation and effect of the guarantee, are, of course, governed by Swedish law. Plaintiff has put in evidence certain extracts from Swedish legal materials (with translations) and the testimony of a Swedish legal expert which the court finds correctly state the applicable Swedish law. Under Swedish law the instrument executed by Carlton was an unconditional personal obligation making Carlton primarily liable, equally with Linden & Lindstrom for all obligations of the latter. This guarantee continued until the principal obligation had been discharged. It was not affected by the substitution of new notes for the original ones, it was not terminated by Carlton's death but remained an obligation of his estate, and it covered new loans made after Carlton's death.

■ Defendant contends that recovery is barred here by the statute of limitations. As a contract action, the suit is of course timely brought under the Massachusetts six-year statute, Mass.G.L.Ch. 260, § 2. The provisions of Mass.G.L. Ch. 197, § 28 are not applicable since the estate was not probated in Massachusetts.

■ Defendant claims that the action is barred by § 208 of the New York Surrogates Court Act, which provides:

"If a claim against a deceased person be not presented to the executor, administrator or temporary adminis-

trator on or before the day fixed for presentation of claims in the notice to creditors published pursuant to section two hundred seven, or, if no notice be published, within seven months from the date of issue of letters, the executor, administrator or temporary administrator shall not be chargeable for any assets or money that he may have duly paid in satisfaction of any lawful claims or of any legacies or in making distribution to the distributees of the deceased before such claim was presented."

Since plaintiff presented no claim in the New York proceedings, this section clearly bars any recovery against defendant in his capacity as administrator of the estate.

■ However, recovery against defendant as distributee of assets of the estate in excess of the amount claimed here, is authorized by § 170 of the New York Decedent Estate Law, McKinney's Consol.Laws c. 13, which provides:

"An action may be maintained, as prescribed in this article, against the surviving husband or wife of a decedent, and the next of kin of an intestate, or the next of kin or legatees of a testator to recover, to the extent of the assets paid or distributed to them, for a debt of the decedent, upon which an action might have been maintained, against the executor or administrator. The neglect of the creditor to present his claim to the executor or administrator, within the time prescribed by law for that purpose, does not impair his right to maintain such an action."

An action based upon this section may properly be brought in the Massachusetts courts. New York Trust Co. v. Brewster, 241 Mass. 155, 134 N.E. 616.

Plaintiff is entitled to recover from defendant the full amount of the guarantee (the equivalent of 100,000 Swedish Kronor) with interest from the date of demand, May 25, 1963.

Judgment will be entered for plaintiff in accordance herewith.