The CHASE MANHATTAN BANK, N.A., Plaintiff,

v.

Herbert S. HOFFMAN, Martin B. Hoffman and Julius S. Cohen, Defendants.

Civ. A. No. 85–4238–C.

United States District Court, D. Massachusetts.

June 29, 1987.

James E. O'Connell, Jr., Jonathan W. Fitch, Sally, O'Connell & Fitch, Boston, Mass., for plaintiff.

Jerome P. Facher, Thomas C. Frongillo, Hale and Dorr, Boston, Mass., for defendants.

### MEMORANDUM

CAFFREY, Senior District Judge.

This is an action to enforce a foreign money-judgment in the amount of $96,-

964.94 plus interest. The foreign judgment was entered by a Belgian court against the defendants in the present suit, Herbert S. Hoffman, Martin B. Hoffman, and Julius S. Cohen, in favor of Level Export Sales Corporation ("Level"). Level subsequently assigned its rights under the judgment to plaintiff, The Chase Manhattan Bank, N.A. ("Chase"). Chase then filed this suit to enforce the judgment. Jurisdiction over the present action is based on diversity, 28 U.S.C. § 1332(a). In its two count complaint, Chase seeks to enforce the judgment under M.G.L. c. 235, § 23A (Count One) and "principles of common law" (Count Two). The matter is now before the Court on defendants' motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

The Belgian judgment arose out of the defendants' activities as directors of the corporation S.A. Landlubber International, which later became S.A. Forward Fashions. On April 27, 1979, the corporation was adjudged bankrupt by the Commercial Court of Brussels.[1] On April 12, 1984, the 22nd Chamber of the Tribunal de Premiere Instance in Brussels, Belgium, entered a judgment against the defendants, H. Hoffman, M. Hoffman, and Cohen. The court, "ruling in criminal matters," pronounced a judgment on three counts and on a civil damages petition. The decision states that the defendants stood "accused of" "criminal bankruptcy" involving embezzlement of corporate assets, "ordinary bankruptcy" and "accounting irregularities". The court adjudged defendants criminal bankrupts under Count A; and ordinary bankrupts under part of Count B. The defendants were acquitted under Count C and the remainder of Count B. The court sentenced the defendants to imprisonment of one year, suspended, and a fine of 1,000 francs. Defendants were also ordered to pay 9/10ths of the cost of the expert appraisal.

The Belgian court's decision also contains a separate section entitled "On The Civil Damages Petition Of The Plaintiff." The court ruled that

examination of the criminal jurisprudence ... indicates that nothing prevents the admissibility of the plaintiff's civil damages complaint against the bankrupt for a violation of criminal law.... [P]laintiff's action is well-founded.... [T]he damages claimed by the plaintiff, arising out of the non-payment of two bills of an aggregate amount of 96,964.94 U.S. dollars is the direct consequence of the embezzlement of assets committed by the accused....

Thus, the Belgian court ordered the three defendants, jointly and severally, to pay the plaintiff, Level, the equivalent in Belgian francs the sum of 96,964.94 U.S. dollars.

Level assigned all of its rights in the judgment to Chase in an agreement dated June 6, 1985. Chase then brought this action to collect the judgment. In Count One of the amended complaint, Chase seeks to collect the judgment pursuant to M.G.L. c. 235, § 23A. Defendants move to dismiss Count One on the grounds that the Belgian judgment is not an enforceable foreign judgment under M.G.L. c. 235, § 23A. In Count Two, Chase seeks to collect the Belgian judgment under "principles of common law." Defendants move to dismiss Count Two on the grounds that Massachusetts law governs Chase's claims, and that Massachusetts does not recognize a common law cause of action to enforce a foreign money-judgment.

## I. *M.G.L. c. 235, § 23A*

"The issue of whether a foreign judgment will be enforced by a federal court having jurisdiction by means of diversity of citizenship is governed by the laws of the state where the federal court is located." *Sangiovanni Hernandez v. Dominicana de Aviacion, C. Por A.*, 556 F.2d 611, 614 (1st Cir.1977). Thus, this Court, sitting in diversity, shall apply Massachusetts law. Massachusetts has enacted its version of the Uniform Foreign Money-Judgments Recognition Act in M.G.L. c.

1. Defendants do not concede the validity or authenticity of the Belgian judgment, *see Hilton v. Guyot,* 159 U.S. 113, 205–06, 16 S.Ct. 139, 159–60, 40 L.Ed. 95 (1895), but instead assume the truth of the facts asserted in the document solely for the purposes of the present motion.

235, § 23A. Section 23A of M.G.L. c. 235 provides that "foreign judgments" shall be enforceable in Massachusetts under certain circumstances. The statute defines "foreign judgment" as "any judgment of a foreign state, granting or denying recovery of a sum of money, other than a judgment for taxes, a fine or other penalty...." M.G.L. c. 235, § 23A. Defendants argue that the Belgian judgment which plaintiff seeks to enforce in this case constitutes a "fine or other penalty" and thus is unenforceable under the Massachusetts statute.

Section 23A does not define what is a "fine or other penalty" and there is no case law directly interpreting this statutory provision. The common law usage of the term "penalty" in the context of foreign judgments, however, helps define the phrase "fine or other penalty." See *Commonwealth v. Apalakis*, 396 Mass. 292, 298, 486 N.E.2d 669 (1985). The exclusion of "a fine or other penalty" from the definition of enforceable foreign judgments is consistent with the established principle that a state will not enforce foreign penal judgments. *See, e.g.,* Restatement (Second) of Conflict of Laws §§ 89 & comment d, 98, 120 comment d.

The decision of the United States Supreme Court in *Huntington v. Attrill,* 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123 (1892) provides an authoritative discussion of the definition of the term "penalty" in the context of the enforceability of foreign judgments. In *Huntington,* a judgment rendered in New York was held enforceable in Maryland. *Id.* at 686, 13 S.Ct. at 235. The defendant argued that plaintiff's claim was for the recovery of a penalty against him under a statute of the State of New York, and therefore could not be enforced, under the Full Faith and Credit Clause, in Maryland. The Supreme Court approached the issue in the same manner as for determining the enforceability of foreign judgments. The Court stated,

> In order to determine this question, it will be necessary, in the first place, to consider the true scope and meaning of the fundamental maxim of international law, stated by Chief Justice Marshall in the fewest possible words: "The courts

of no country execute the penal laws of another." *The Antelope,* 10 Wheat. 66, 123 [23 U.S. 66, 120–21, 6 L.Ed. 268 (1825)].

*Id.* at 666, 13 S.Ct. at 227. The Court then canvassed American case law, English case law, and Blackstone's *Commentaries,* treating the concepts of sovereignty and international comity in international law as relevant to to the relations between the separate states of the United States. The Court then concluded that:

> The question whether a statute of one State, which in some aspects may be called penal, is a penal law in the international sense, so that it cannot be enforced in the courts of another State, depends upon the question whether its purpose is to punish an offence against the public justice of the State, or to afford a private remedy to a person injured by the wrongful act.

*Id.* at 673–74, 13 S.Ct. at 229–30.

The Supreme Judicial Court of Massachusetts in *Sullivan v. Hustis,* 237 Mass. 441, 130 N.E. 247 (1921), cited *Huntington* in addressing the question whether the remedy under a particular statute was "criminal or penal" or instead civil. The Supreme Judicial Court stated:

> A Statute ... subjecting [those causing death] ... to a private action for recovery of damages for the pecuniary benefit of the family of the deceased, not inuring in any particular to the benefit of the State, is not criminal but has important remedial features. It has been held in numerous decisions that such a statute is not criminal or penal in an international sense, but that civil rights founded on it may be enforced in the courts of another jurisdiction.

*Id.* at 448, 130 N.E. 247 (citing, *inter alia, Huntington v. Attrill,* 146 U.S. 657, 675, 13 S.Ct. 224, 230, 36 L.Ed. 1123). Thus, both *Huntington* and *Sullivan* are significant for determining what is "criminal or penal in an international sense."

In the present case, it is clear that the Belgian proceeding forming the basis of this suit was primarily a criminal proceeding. Defendants point out the language of

the decision: the defendants were termed "the accused"; the court was "ruling in criminal matters" and "sentence[d]" the defendants to a conditionally suspended one year prison term and a 1,000 francs fine. Moreover, the court permitted the civil damages petition in evidence according to the tenets of "criminal jurisprudence."

It is equally clear, however, that the Belgian court dealt with the damages petition of Level Export as a civil remedy. The court titled that portion of its opinion "On the Civil Damages Petition of the Plaintiff." In addition, Level's petition for damages was presented on its own behalf for actual damages. The Belgian court noted that the damages claimed by the plaintiff arose out of the non-payment of two bills of an aggregate amount of $96,964.94. The judgment against defendants was for precisely this amount. Thus, the judgment was remedial: it afforded a private remedy rather than punished an offense against the public justice of Belgium. Moreover, the benefit of the judgment accrued in in its particulars to the private party plaintiff, not the state. Consequently, under the *Huntington, supra,* and *Sullivan, supra,* formulation of what is a penalty in the international sense, the judgment Chase now seeks to enforce is clearly not "a fine or other penalty." Accordingly, defendants' motion for judgment on the pleadings on Count One should be denied.

## II. *Action at Common Law*

■ In Count Two, plaintiff maintains that it can enforce the Belgian judgment under "principles of common law." Massachusetts, and not federal, law governs this dispute, since jurisdiction is based on diversity of citizenship, and the suit is between citizens of different states, not between an alien and a citizen. *John Sanderson & Co. (Wool) Pty. Ltd. v. Ludlow Jute Co.,* 569 F.2d 696, 697 n. 1 (1st Cir.1978) (leaving open the question whether the *Erie* doctrine is to be applied when diversity jurisdiction is invoked for determination of a dispute between an alien and a citizen); *Sangiovanni Hernandez v. Dominicana de Aviacion C. Por A.,* 556 F.2d 611, 614 (1st Cir.1977); *Svenska Handelsbanken v. Carlson,* 258 F.Supp. 448, 450 (D.Mass.

1966). *See also Hunt v. BP Exploration Co. (Libya) Ltd.,* 492 F.Supp. 885, 892 (N.D.Tex.1980) ("[I]n the absence of federal preemptive actions, ... the state law governs the recognition and enforcement of foreign-country judgments.").

Defendants move to dismiss Count Two on the grounds that there is no cognizable common law cause of action in Massachusetts to enforce a foreign money-judgment. Prior to the enactment in 1966 of M.G.L. c. 235, § 23A, Massachusetts did recognize a cause of action founded on a judgment of a court of a foreign state. *See, e.g, Zuccaro v. Nazzaro,* 216 Mass. 289, 290, 103 N.E. 907 (1914) (ruling that an action on a judgment of an Italian court was subject to the six years' statute of limitations); *Buttrick v. Allen,* 8 Mass. 273 (1811). In such an action, however, the foreign judgment would not be given conclusive effect. *See Svenska,* 258 F.Supp. at 450–51. Instead, the case law held that a foreign judgment is no more than prima facie evidence, and the defendant may still raise all defenses on the merits of the action. *Buttrick,* 8 Mass. at 274. *See also Bissel v. Briggs,* 9 Mass. 462, 464 (1813). It is unclear, therefore, whether these cases recognized a truly separate cause of action at law on a foreign judgment, or instead merely established a rule of procedure and evidence in the context of other actions at law, such as an action on a contract. *See Bissel,* 9 Mass. at 464 (foreign court judgment "considered only as presumptive evidence of a debt, or as *prima facie* evidence of a sufficient consideration of a promise....").

This Court need not answer that question, however, because the Massachusetts Legislature's enactment of M.G.L. c. 235, § 23A supersedes any common law action to enforce a foreign money-judgment. Where "legislation has been enacted which seems to have been intended to cover the whole subject to which it relates, it ... supersedes the common law." *Casey v. Massachusetts Electric Co.,* 392 Mass. 876, 883 n. 12, 467 N.E.2d 1358 (1984) (quoting *Salisbury v. Salisbury Water Supply Co.,* 279 Mass. 204, 206, 181 N.E. 194 (1932)). M.G.L. c. 235, § 23A is a detailed statute directly governing enforcement of foreign money-judgments, whereas the Massachu-

setts case law articulating the common law cause of action is sparse and prior to the statutory enactment. Moreover, the common law rule was that a foreign judgment would not be given conclusive effect, while c. 235, § 23A provides that, under certain circumstances, a foreign judgment "shall be conclusive between the parties to the extent that it grants. or denies recovery of a sum of money." Thus, c. 235, § 23A is not simply declaratory of the common law; it revises and supersedes it. *See Penn Mutual Life Insurance Co. v. Hunt*, 237 Mass. 241, 244, 129 N.E. 391 (1921). In sum, M.G.L. c. 235, § 23A, not the common law, applies to an action to enforce a foreign money-judgment. Defendants' motion for judgment on the pleadings as to Count Two therefore should be allowed.

Order accordingly.

## ORDER

In accordance with memorandum filed this date, it is ORDERED:

1. Defendants' motions for judgment on the pleadings as to Count One (M.G.L. c. 235, § 23A) is denied.

2. Defendants' motion for judgment on the pleadings as to Count Two (common law action to enforce foreign money-judgment) is allowed.