EDWARD DINITTO & another[1] *vs*. TOWN OF PEPPERELL.

No. 09-P-971.

Middlesex. February 2, 2010. - July 15, 2010.

Present: LENK, MILLS, & GRAINGER, JJ.

*Practice, Civil,* Motion to dismiss. *Municipal Corporations,* Liability for tort, Stop sign. *Way,* Public: defect, stop sign. *Negligence,* Stop sign. *Massachusetts Tort Claims Act. Governmental Immunity. Notice,* Claim under Massachusetts Tort Claims Act, Action alleging injury caused by defect in public way. *Words,* "Defect."

In a civil action arising from a motorcycle accident involving the plaintiffs, in which the plaintiffs alleged that the defendant town was negligent in its maintenance of public land adjoining a highway by failing to have cut back trees, brush, and overhanging vegetation that obstructed a stop sign on the highway, the judge correctly granted the defendant's motion to dismiss, where the plaintiffs' complaint fell squarely within the ambit of G. L. c. 84, the highway statute, given that the vegetation obstructing the stop sign, although rooted in land to the side of the highway, was a "defect" in or upon a way within the meaning of G. L. c. 84, § 15, and, consequently, the plaintiffs' failure to comply with the mandatory notice provisions of G. L. c. 84, § 18, compelled dismissal of their complaint. [249-252]

CIVIL ACTION commenced in the Superior Court Department on July 18, 2008.

A motion to dismiss was heard by *S. Jane Haggerty,* J.

*Robert H. D'Auria* for the plaintiffs.

*John J. Cloherty, III,* for the defendant.

LENK, J. The plaintiffs, Edward and Jennifer DiNitto, who are husband and wife, were seriously injured on July 28, 2005, when traveling by motorcycle on Route 111 in the town of Pepperell. They apparently entered the intersection where Route 111 meets Brookline Street without first stopping at a stop sign and were then struck by another vehicle. The DiNittos claim that they were unable to see the stop sign because their view

[1]Jennifer DiNitto.

was blocked by trees, brush, and overhanging vegetation grow-ing by the side of the road on adjoining public land.

The DiNittos thereafter brought suit against the town in four counts alleging negligence and loss of consortium pursuant to G. L. c. 258, the Massachusetts Tort Claims Act. Their complaint asserts that the town was negligent in its maintenance of the public land adjoining Route 111 by failing to have cut back the obstructing trees, brush, and overhanging vegetation. The town moved to dismiss the complaint, contending that the DiNittos' exclusive remedy was pursuant to G. L. c. 84, the highway defect statute, which permits limited recovery against a municipality for "injury or damage" caused by a "defect" "in or upon a way." G. L. c. 84, § 15.[2] See Trioli v. Sudbury, 15 Mass. App. Ct. 394, 396 (1983). The statute also imposes a thirty-day notice require-ment with which the DiNittos apparently did not comply. G. L. c. 84, § 18. The town filed a motion to dismiss the complaint pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), and the DiNittos responded. In a thoughtfully crafted opinion, the motion judge concluded that the vegetation obstructing the stop sign was a "defect" in or upon a way and that G. L. c. 84 was thus the DiNittos' exclusive remedy; accordingly, she dismissed their complaint.[3]

The DiNittos contend on appeal that G. L. c. 84 does not apply

---

[2]General Laws c. 84, § 15, provides, in part:

> "If a person sustains bodily injury or damage in his property by reason of a defect or a want of repair or a want of a sufficient railing in or upon a way, and such injury or damage might have been prevented, or such defect or want of repair or want of railing might have been remedied by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may, if such county, city, town or person had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair or want of a sufficient railing, recover damages therefor from such county, city, town or person . . . ."

The plaintiffs do not appear to dispute that if the provisions of G. L. c. 84 apply, no relief is available to them under G. L. c. 258. See Ram v. Charlton, 409 Mass. 481, 485 (1991).

[3]The motion judge did not reach the town's alternative arguments that, even if the plaintiffs had a remedy under G. L. c. 258, the town was immune from liability because (1) its acts were discretionary and exempt from liability under § 10(b), and (2) the public duty exception, § 10(j), also precluded liability. Given our decision, we too do not reach these contentions.

to their claims, which concern not the negligent maintenance of Route 111 itself but of public land adjoining it on which the obstructive vegetation grew. They argue in this regard that they do not allege negligence with respect to any defect "in or upon" a public way because the negligence causing their injury was as to public land adjoining the public way. For the distinction they draw between public land and a public way, the DiNittos rely on the definition of a "way" set forth in a separate statute, G. L. c. 90, § 1, governing the regulation of motor vehicles, and the case law construing it. Like the motion judge, we reject the purported distinction between "public land" and "public roadway" as unsupported by relevant case law or statutory history, and conclude that the obstructive vegetation was a defect in or upon Route 111 for purposes of G. L. c. 84, § 15.

*Discussion.* In reviewing a motion to dismiss, "the allegations of the complaint are to be taken as true," and all inferences must be drawn in favor of the plaintiffs. *Jones* v. *Brockton Pub. Mkts., Inc.,* 369 Mass. 387, 388 (1975), quoting from *United States* v. *Mississippi,* 380 U.S. 128, 143 (1965); *Natick Auto Sales, Inc.* v. *Department of Procurement & Gen. Servs.,* 47 Mass. App. Ct. 625, 630 (1999). Dismissal should only be granted where the movant "[shows] to a certainty" that the plaintiff "[is] entitled to no relief under any state of [the] facts." *Sher* v. *Desmond,* 70 Mass. App. Ct. 270, 282 (2007), quoting from *Stop & Shop Cos.* v. *Fisher,* 387 Mass. 889, 893 (1983).

"The right of action against a [county, city, or town] to recover damages for personal injury to a traveller on account of a defect in a public way is created and limited by the statute . . . . There can be no recovery under the statute except upon proof of a defect, and there can be no recovery outside of the statute for the additional reason that, at common law, no action will lie against a [county, city, or town] to recover damages for personal injuries sustained by a traveller on account of a failure to keep the public way reasonably safe." *Whalen* v. *Worcester Elec. Light Co.,* 307 Mass. 169, 174, 175 (1940) (*Whalen*). See *Ram* v. *Charlton,* 409 Mass. 481, 486 (1991). "An elaborate and comprehensive statutory system has been established fully and completely dealing with the subject matter. It was intended to be an exclusive remedy. The legislative intent cannot be thwarted by calling the defect a nuisance, by declining to give the required

notice, by bringing suit any time within six years or by seeking to recover damages far in excess of those fixed by the statute. *School Committee of Lowell* v. *Mayor of Lowell*, 265 Mass. 353, 356-357 [(1928)]. *Salisbury* v. *Salisbury Water Supply Co.*, 279 Mass. 204 [(1932)]. *Knowlton* v. *Swampscott*, 280 Mass. 69 [(1932)]. *Royal's Case*, 286 Mass. 374 [(1934)]. *Rooney* v. *County of Essex*, 292 Mass. 473 [(1935)]. *Bellevue Hotel Co.* v. *Building Commissioner of Boston*, 299 Mass. 73, 75 [(1937)]. *Gediman* v. *Cameron*, 306 Mass. 138 [(1940)]." *Whalen, supra* at 175. Nor can it be evaded by framing a roadway defect as a claim of negligent maintenance. *Lindahl* v. *Sullivan*, 361 Mass. 863, 863-864 (1972).

Chapter 84 provides a cause of action to one who "sustains bodily injury or damage in his property by reason of a defect . . . in or upon a way." G. L. c. 84, § 15.[4] Under this statute, a "defect" has been broadly defined as being *"anything* in the state or condition of the way that renders it unsafe or inconvenient for ordinary travel." *Ram* v. *Charlton*, 409 Mass. at 486, quoting from *Gallant* v. *Worcester*, 383 Mass. 707, 711 (1981). See *Adams* v. *Bolton*, 297 Mass. 459, 464 (1937); *Whalen,* 307 Mass. at 174. A "defect" under c. 84 "is not restricted to conditions appearing upon the surface of the way but may extend to obstructions overhanging the way and to structures and objects that may fall on or in the way . . . . *West* v. *Lynn*, 110 Mass. 514 [(1872)]. *Hayes* v. *Hyde Park*, 153 Mass. 514 [(1891)]. *Griffin* v. *Boston*, 182 Mass. 409 [(1903)]. *Donohue* v. *Newburyport*, 211 Mass. 561 [(1912)]. *Valvoline Oil Co.* v. *Winthrop*, 235 Mass. 515 [(1920)]." *Whalen, supra* at 174.[5]

In *Valvoline Oil Co., supra* at 518, the plaintiff's wagon was damaged when the "top of it [came] in contact with the limb of *a tree growing within the limits of Hermon Street,* a public way

---

[4]In contrast, claims involving wrongful death are not constrained by the provisions of G. L. c. 84. See *Gallant* v. *Worcester*, 383 Mass. 707, 714 (1981); *Twomey* v. *Commonwealth*, 444 Mass. 58 (2005); *Sanker* v. *Orleans*, 27 Mass. App. Ct. 410 (1989).

[5]Comparable language is used to define "defects in the way" under G. L. c. 87, which governs the maintenance of shade trees. *Valvoline Oil Co., supra* at 521 ("[a]nything in the state or condition of a highway which renders it unsafe for ordinary travel is a defect or want of repair"). The definitions have been used interchangably, and cases under each chapter have been cited in rulings upon the other. All reject the narrow reading urged by the plaintiffs.

in Winthrop. *The tree is on the sidewalk.* . . . The outer edge of the trunk of the tree is within six inches of the roadway, over which no portion of the trunk extends. The limb in question reaches over the roadway and grows from the trunk about seven feet from the ground." (Emphasis supplied.) "[T]he limb of the tree was an obstruction to travel" and a "defective condition of a highway by growth" for purposes of the public shade trees statute.[6] *Id.* at 520, 521. No portion of that tree's trunk was physically located in the roadway, but the court nonetheless concluded that the tree was within the way and that the town was thus liable for failing to maintain it.[7] *Id.* at 518, 520-521. The fact that the branches overhung the road sufficed, since "there is no sound distinction between . . . defects caused by trees within the limits of a highway . . . and those which . . . cause[d] a defective condition of a highway by growth." *Id.* at 521.

The DiNittos contend that, unlike such cases, the obstructive vegetation here was neither physically overhanging the road nor itself the physical cause of their injuries. These, we think, are distinctions without a difference. The law does not require that the obstruction be physically located on the road or that it physically cause the injury, only that it "renders [the way] unsafe or inconvenient for ordinary travel." *Gallant* v. *Worcester*, 383 Mass. at 711. In *Twomey* v. *Commonwealth*, 444 Mass. 58 (2005), the decedent was killed when the driver of the car in which he was a passenger failed to stop at a stop sign before entering an intersection. The stop sign on town property, obscured by overgrowing foliage, was held to constitute a defect on a public way, given the town's duty to maintain "foliage surrounding the stop sign, free of defects." *Id.* at 62, citing G. L. c. 84, § 15. This was so even though, unlike *Valvoline*,

[6] See note 5 *supra*; *Valvoline*, 235 Mass. at 519, was decided under St. 1915, c. 145, § 2, the precursor to G. L. c. 87. The 1915 law, in essence like its modern equivalent, obliges the tree warden to trim or cut such foliage as "endangers persons travelling on a highway." *Valvoline, supra.* See G. L. c. 87, § 8.

[7] The same result has been reached where the defendant was the Commonwealth rather than a municipality. *Miles* v. *Commonwealth*, 288 Mass. 243, 243, 244 (1934), quoting from G. L. c. 81, § 18 (tree whose trunk was "nine feet westerly of the westerly side of the macadam surface" of a road still "within the limits of the constructed traveled roadway" where branches overhung the surface of the road).

235 Mass. at 520, or *Miles* v. *Commonwealth*, 288 Mass. 243, 243, 244 (1934), the overgrowing foliage did not overhang the road and did not directly come into contact with and "cause" the plaintiff's injuries.

The DiNittos pleaded facts that bring their complaint squarely within the ambit of G. L. c. 84, § 15. We conclude that the vegetation obscuring their view of the stop sign at the intersection of Route 111 and Brookline Street was a defect in or upon a way. It is of no moment that the vegetation obscuring the sign had its roots under land to the side of Route 111 since the vegetation created a condition on Route 111 that rendered that roadway unsafe for ordinary travel. *Valvoline*, 235 Mass. at 518; *Gallant* v. *Worcester*, 383 Mass. at 711. This situation is well within the scope of those concerns that § 15 was enacted to address. The DiNittos' failure to comply with the mandatory notice provisions of G. L. c. 84, § 18, compels the dismissal of their complaint.

*Judgment affirmed.*